DANIEL H. REISS (SBN 150573)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dhr@lnbyg.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:24-bk-20065-DS |
| HEALTHY SPOT OPERATING, LLC, | Chapter 11 Case |
| Debtor and Debtor in Possession. | **NOTICE OF BIDDING PROCEDURES FOR THE SALE OF DEBTOR'S ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS** |
| | Date: July 17, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 1639<br>255 East Temple Street<br>Los Angeles, CA 90012 |

On or about July 10, 2025, Healthy Spot Operating, LLC, the debtor and debtor-in-possession herein ("Debtor"), entered into that certain Asset Purchase Agreement by and among Debtor and Pet Pros LLC and NPM Franchising, LLC, both Washington limited liability companies, jointly and severally (hereinafter the "Stalking Horse Purchaser" or " the "Stalking Horse Bidder"), subject to higher or better offers ("Stalking Horse Purchase Agreement"). The purchase price for the Assets and assignment of the Assigned Contracts (the "Purchase Price") as set forth on Schedule H to the Stalking Horse Purchase Agreement is $6,315,158.00, and shall consist of:

i. payment of cash consideration to Debtor in the sum of $950,000;

ii. assumption of the Assumed Liabilities (as defined in the Stalking Horse Purchase Agreement);

iii. a credit bid of the amount of the Stalking Horse Purchaser's secured claims of $2,876,344.20, assuming the Stipulation is approved by this Motion; and

iv. all amounts paid in connection with the assumption and assignment of the Assigned Contracts.

On July 10, 2025, Debtor filed its *Motion for Order: (1) Authorizing Sale of Certain Assets Free and Clear Of All Liens, Claims, Encumbrances, and Interests; And (2) Authorizing Assumption and Assignment of Certain Leases* [Dkt. No. 171] (the "Sale Motion") to approve the Stalking Horse Purchase Agreement, and a hearing on the Sale Motion has been set for July 29, 2025 on the Court's 1:00 p.m. calendar (the "Non-Auction Sale Hearing").

However, pursuant to these sales procedures, if one or more "Qualifying Bids", as defined below, are received no later than July 20, 2025 (the "Bid Deadline"): (1) Debtor will file and serve notice of the receipt of a Qualifying Bid and the time, date and place of the auction no later than two business days after the Bid Deadline, as well as the time, date and place of the "Post-Auction Sale Hearing" as defined below; (2) the Non-Auction Sale Hearing shall be held as a status conference (the "Post-Bidding Status Conference") to inform the Court regarding the progress of the sale process and any other matter the Court wishes to be addressed; (3) an auction

shall be conducted by Debtor among the "Qualifying Bidders" one day after the Post-Bidding Status Conference; (4) a continued hearing date on the Sale Motion shall be held on August 11, 2025 at 11:00 a.m. in the above-entitled Court (the "Post-Auction Sale Hearing"), at which hearing the Court will rule on the Sale Motion with respect to approval of a sale to the "Successful Bidder" at the auction. If no Qualifying Bid is received prior to the Bid Deadline, Debtor will not conduct an auction and will proceed to seek approval of the Sale Motion at the Non-Auction Sale Hearing.

On July 17, 2025, the Court entered a Bid Procedures Order [Dkt. No. 194] which approved certain Bid Procedures pursuant to section 363 of the Bankruptcy Code to determine the Successful Bidder (as defined below) for the Assets.

**A. Requirements to Participate in Sale/Auction Process.**

1. **Qualification as a Bidder**: Any entity wishing to participate in the bidding process must first qualify as a "Qualifying Bidder". To become a Qualifying Bidder, a potential bidder must submit to Debtor and its counsel documentation identifying the interested party, its principals and the representatives who are authorized to appear and act on their behalf for all purposes with respect to the transaction at issue; (ii) an executed confidentiality agreement in a form and substance reasonably satisfactory to Debtor; (iii) a statement demonstrating the interested party has a *bona fide* interest in consummating the transaction, and (iv) sufficient information demonstrating that the interested party has the financial ability and authority to close a sale, including current audited financial statements.

   For all purposes under the Bidding Procedures, the Stalking Horse Purchaser shall be considered a Qualifying Bidder and the Stalking Horse Purchase Agreement (also referred to herein as the "Stalking Horse Bid") shall be considered a Qualifying Bid (defined below).

2. **Due Diligence**: Debtor will provide any Qualifying Bidder with reasonable access to information that is reasonable and appropriate under the circumstances to exercise due diligence regarding the Assets.

   The due diligence period shall extend through and including the Bid Deadline. Debtor may, but shall not be obligated to, in its sole discretion, furnish any due diligence information after the Bid Deadline. Notwithstanding any prepetition limitations, including, without limitation, any non-disclosure, confidentiality or similar provisions relating to any due diligence information, Debtor shall be authorized to provide due diligence information to Qualifying Bidders provided that such Qualifying Bidders have delivered an executed confidentiality agreement.

Debtor is not responsible for, and shall have no liability with respect to, any information obtained by, or provided to, any Qualifying Bidder in connection with the Bidding Procedures and the Sale.

3. **<u>Bid Requirements</u>**:

i. *Qualifying Bid*. Other than the Stalking Horse Bid, to be deemed a "Qualifying Bid," a bid must be received on or before the Bid Deadline and satisfy each of the following criteria:

a) be a written agreement substantially identical to the Stalking Horse Purchase Agreement, except for the consideration to be paid for the Assets and the unexpired leases and executory contracts being assumed and assigned;

b) the purchase price of any Qualifying Bid must be at least $50,000 greater than the aggregate sum of the (a) Purchase Price, plus the (b) approved Break-up Fee, plus (c) the approved Expense Reimbursement;

c) fully disclose the identity of the Qualifying Bidder and all parties participating in the Qualifying Bid and provide contact information for the authorized representative;

d) state the liabilities proposed to be paid or assumed by the Qualifying Bidder;

e) state that the Qualifying Bidder's offer is formal, binding and unconditional and is irrevocable, and that the Assets are being acquired "as-is" without any representations or warranties regarding the condition or value of such Assets;

f) provide credible and admissible evidence that the Qualifying Bidder is financially capable of consummating the transaction contemplated by the bid and provide written evidence in support thereof;

g) contain such other financial information to allow Debtor to determine that the Qualifying Bidder is financially and otherwise capable to close the transaction;

h) contain such financial and other information to allow the Debtor make a reasonable determination as to the Qualifying Bidder's financial and other capabilities to close the transactions contemplated by the proposal, including, without limitation, such financial and other information supporting the Qualifying Bidder's ability to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code, including the Qualifying Bidder's financial wherewithal and willingness to perform

under any contracts and leases that are assumed and assigned to the Qualifying Bidder, in a form that allows Debtor to serve, within one (1) business day after such receipt (or as soon as practicable thereafter), such information upon any Counterparties (as that term is defined below) to any contracts or leases being assumed and assigned in connection with the Sale that have requested, in writing, such information;

i) contain a description with particularity each and every executory contract and unexpired lease that the Qualifying Bidder requires to be assumed and assigned as a condition to close the transaction;

j) must not include a provision requesting or entitling the Qualifying Bidder to any break-up fee, termination fee, reimbursement or any similar type of payment (except in the case of the Stalking Horse bid);

k) must not contain any contingencies of any kind, including, contingencies regarding further due diligence, financing or internal approvals;

l) contain a written acknowledgement and representation that the Qualifying Bidder has had an opportunity to conduct any and all due diligence regarding that Assets and has relied solely on its own independent review and investigation of the documents and information in making its Qualifying Bid and did not rely on any written or oral statements, representations, promises, warranties, or guarantees whatsoever regarding the Assets or the completeness of any documents or other information provided in connection with the Bidding Procedures or the Sale.

m) provides for the Qualifying Bidder to serve as the back-up bidder (the "Back-Up Bidder") if the Qualifying Bidder's bid is the next highest and best bid after the Successful Bid, as defined below;

n) inclusion of written authorization from the Qualifying Bidder's governing body (i.e., a board of directors) with respect to the submission of the Qualifying Bid and the consummation of the contemplated transaction;

o) is accompanied by a good faith cash deposit equal to ten percent (10%) of the purchase price (the "Deposit") provided for in the Qualifying Bid to be deposited, prior to the Bid Deadline, with counsel for the Debtor, such deposit information to be provided upon request by any Qualifying Bidder;

p) provides for liquidated damages in the event of the Qualifying Bidder's breach of or failure to perform under, the asset purchase agreement equal to the amount of the Deposit.

Debtor reserves the right to negotiate with any Qualifying Bidder to cure any deficiency in a bid that is not initially deemed a Qualifying Bid in advance of an Auction.

ii. *Bid Deadline*. The Sale Motion is currently set for July 29, 2025 (the "Non-Auction Hearing Date"). A Qualifying Bidder, other than the Stalking Horse Purchaser, that desires to submit a bid must deliver both a written and electronic copy of its bid in **both** PDF and WORD format to counsel for Debtor so that it is received no later than **4:00 p.m. (prevailing Pacific Time) on July 20, 2025** (the "Bid Deadline"). **Any party that does not submit a bid by the Bid Deadline will not be permitted to participate in the Auction.**

iii. *Evaluation of Qualifying Bids*. Debtor shall make a determination as to whether a timely submitted bid is a Qualifying Bid and shall notify Qualifying Bidders that their bid is a Qualifying Bid by no later than two (2) business days prior to the Auction Date. In the event that a bid is determined not to be a Qualifying Bid, in the Debtor's sole discretion, the bidder may be notified by Debtor and shall have until 24 hours prior to the Auction to modify its bid to increase its purchase price or otherwise improve the terms of its bid.

iv. *Baseline Bid.* No later than 5:00 p.m. prevailing Pacific Time on the business day prior to the Auction Date, Debtor shall determine which of the Qualifying Bids, at such time, is the highest or best bid for purposes of constituting the opening bid of the Auction (the "Baseline Bid" and the Qualifying Bidder submitting the Baseline Bid, the "Baseline Bidder"), and shall promptly notify the Stalking Horse Purchaser and all Qualifying Bidders with Qualifying Bids of the Baseline Bid.

4. **Right to Credit Bid**. Any Qualified Bidder that has a valid and perfected lien on the Assets of the Debtor (a "Secured Creditor") shall have the right to credit bid all or a portion of the value of such Secured Creditor's claim within the meaning of Section 363(k) of the Bankruptcy Code; provided, however, that a Secured Creditor shall have the right to credit bid its claim only with respect to collateral by which the Secured Creditor is secured. Any junior secured creditor seeking to credit bid must include in its bid that it will pay off the entirety of all indebtedness secured by liens senior in priority to that of the Secured Creditor making the credit bid as a condition to its Qualifying Bid.

5. **No Qualifying Bid/No Auction/Sale Approval.** If no Qualifying Bids other than the Stalking Horse Purchaser's Qualifying Bid are submitted on or before the Bid Deadline, **no Auction shall be held**; further, no later than two business days after the Bid Deadline, Debtor shall file a declaration with the Court that no Qualifying Bids were timely received. The hearing on the Sale Motion shall then proceed at the Non-Auction Sale Hearing on July 29, 2025 at 1:00 p.m. at which Debtor shall request that the Court approve the Stalking Horse Purchase Agreement and the transactions contemplated thereunder as requested in the Sale Motion.

6. **Notice of Qualifying Bid/Sale Hearing.** If one or more Qualifying Bids other than the Stalking Horse Purchaser's Qualifying Bid is submitted on or before the Bid Deadline:

i. no later than two business days after the Bid Deadline, Debtor will file with the Court and serve notice of the receipt of a Qualifying Bid, which notice will include the time, date and place of the auction (the "Qualifying Bid Notice"). The Qualifying Bid Notice shall be served on all Qualifying Bidders and on all contract Counterparties (as defined below) who made a written request to Debtor for such notice by e-mail, fax or other similar means, which written request must be actually received by counsel for Debtor no later than the Bid Deadline. Unless Counterparties make such written request, they will not receive the Qualifying Bid Notice;

ii. an auction shall be conducted by Debtor in the manner set forth below; and

iii. the Non-Auction Sale Hearing shall be held as a status conference (the "Post-Bidding Status Conference") with respect to the progress of the sale process and any other matter the Court wishes to be addressed with respect to the Sale Motion or otherwise;

iv. a continued hearing date on the Sale Motion shall be held approximately one week after the Auction Sale (subject to the Court's calendar) (the "Post-Auction Sale Hearing"), at which hearing the Court will rule on the Sale Motion with respect to approval of a sale of the Assets to the "Successful Bidder" at the auction.

7. **Auction**: If Debtor timely receives one or more Qualifying Bids other than the Stalking Horse Bid, then Debtor shall conduct an auction (the "Auction"). Following the Auction, Debtor will determine which Qualifying Bid is the highest or best bid for the Assets, which will be determined by considering, among other things, the following non-binding factors:

i. the terms of proposals submitted by each Qualifying Bidder;

ii. the extent to which such terms are likely to delay closing of the sale;

iii. the total consideration to be received by the Debtor's estate;

iv. the transaction structure and execution risk, including conditions, timing, financial wherewithal, etc.;

v. the net benefit to the estate; and

vi. such other factors as are reasonable given the facts and circumstances of this case.

The Auction shall be governed by the following procedures:

i. the Auction shall be held on July 27, 2025, the day after the Post-Bidding Status Conference (the "Auction Date") at 10:00 a.m. prevailing Pacific Time, at

Levene, Neale, Bender, Yoo & Golubchik L.L.P., 2818 La Cienega Ave., Los Angeles, CA 90034, or such other date and time as Debtor may notify Qualifying Bidders; provided that such other date and time is not earlier than two (2) business days following the delivery of such notice;

ii. only the Stalking Horse Purchaser and the other Qualifying Bidders with Qualifying Bids (collectively, the "Auction Bidders") shall be entitled to participate at the Auction;

iii. the Auction Bidders shall appear in person or, upon Debtor's consent in its sole discretion, by Zoom or other mutually acceptable means at the Auction, through a duly authorized representative;

iv. only Debtor, the Auction Bidders, and any creditor of Debtor, together with the professional advisors to each of the foregoing parties, may attend the Auction;

v. Debtor and its professional advisors shall direct and preside over the Auction;

vi. the Auction Bidders shall confirm in writing that they have not engaged in any collusion with respect to their bids, the Bidding Procedures, the Auction or the Sale;

vii. bidding shall commence at the amount of the Baseline Bid with the first overbid being equal to the Baseline Bid plus $50,000, with successive bids in increments of at least $50,000, provided that: (i) each successive bid must be a Qualifying Bid; and (ii) Debtor shall retain the right to modify the bid increment requirements at the Auction in its reasonable discretion;

viii. the Auction may include individual, but non-collusive, negotiations with any of the Auction Bidders, but all bids shall be made in the presence of all of the Auction Bidders;

ix. all material terms of the bid that is deemed to be the highest and best bid for each round of bidding shall be fully disclosed to the Auction Bidders, and Debtor shall use reasonable efforts to clarify any and all questions that the Auction Bidders may have;

x. Debtor and its professional advisors may announce additional procedural rules that are reasonable under the circumstances for conducting the Auction; provided, however, that such rules are not inconsistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or any applicable order of the Court entered in connection with this Case;

xi. each Auction Bidder shall (i) be deemed to have waived any right to a jury trial in connection with, and consented and submitted to the exclusive jurisdiction of the Court over, any actions or proceedings arising from or relating to the Bidding Procedures, the Sale, the Auction and the construction and enforcement of the

contemplated transaction documents of the Auction Bidders, (ii) bring any such action or proceeding in the Court, and (iii) be deemed to have consented to the Court entering a final judgment determining any such action or proceeding and that such final judgment in any such action or proceeding, including all appeals, shall be conclusive and may be enforced in other jurisdictions (including any foreign jurisdictions) by suit on the judgment or in any other manner provided by applicable law;

xii. the Auction Bidders shall have the right to make additional modifications to their respective Purchase Agreements or the Stalking Horse Purchase Agreement, as applicable, in conjunction with each Qualifying Bid submitted in each round of bidding during the Auction, provided that (i) any such modifications on an aggregate basis and viewed in whole, shall not be, in Debtor's sole discretion, less favorable to Debtor and its estate than the terms of the Auction Bidder’s respective Purchase Agreements or the Stalking Horse Agreement, as applicable, and (ii) each Qualifying Bid shall constitute an irrevocable offer and shall be binding on the Auction Bidder submitting such bid until such party shall have submitted a subsequent Qualifying Bid at the Auction or the conclusion of the Post-Auction Sale Hearing, whichever occurs sooner, unless such bid is selected as the Successful Bid or the Back-Up Bid, which shall remain binding as provided for herein;

xiii. upon the conclusion of the Auction, Debtor shall determine, and subject to Court approval, the offer for the Assets that is the highest or best from among the Qualifying Bids submitted at the Auction, which may be the Stalking Horse Agreement (the “Successful Bid”).

In making this decision, Debtor shall consider the amount of the purchase price, the likelihood of the bidder’s ability to close a transaction and the timing thereof, the nature and impact of any variances from the form Purchase Agreement requested by each bidder, and the net benefit to Debtor’s estate. The bidder submitting such Successful Bid, which may be the Stalking Horse Purchaser, shall become the “Successful Bidder,” and shall have such rights and responsibilities of the purchaser as set forth in the subject Purchase Agreement, as applicable. Debtor may, in its sole discretion, designate Back-Up Bids (and the corresponding Back-Up Bidders) to purchase the Assets in the event that the Successful Bidder does not close the Sale.

xiv. prior to the Post-Auction Sale Hearing, the Successful Bidder shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made.

**THE SUCCESSFUL BID AND ANY BACK-UP BIDS SHALL CONSTITUTE AN IRREVOCABLE OFFER AND BE BINDING ON THE SUCCESSFUL BIDDER AND THE BACK-UP BIDDER, RESPECTIVELY,**

**FROM THE TIME THE BID IS SUBMITTED UNTIL TWO (2) BUSINESS DAYS AFTER THE SALE HAS CLOSED. EACH QUALIFYING BID THAT IS NOT THE SUCCESSFUL BID OR BACK-UP BID SHALL BE DEEMED WITHDRAWN AND TERMINATED AT THE CONCLUSION OF THE SALE HEARING.**

8. **Post-Auction Sale Hearing**: If an Auction is held, the Successful Bid will be subject to approval by the Court. The Post-Auction Sale Hearing to approve such Successful Bid and any Back-Up Bid shall take place no earlier than one calendar week after the Auction Date at such time as the Court sets at the hearing on this Bid Procedures Motion.

   At the Post-Auction Sale Hearing, Debtor will seek entry of an order that, among other things:

   (i) authorizes and approves the Sale to the Successful Bidder, pursuant to the terms and conditions set forth in the Purchase Agreement executed by the Successful Bidder, as applicable;

   (ii) finds that the Successful Bidder, is a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code; and

   (iii) as appropriate, exempts the Sale(s) and conveyance(s) of the Assets from any transfer tax, stamp tax or similar tax, or deposit under any applicable bulk sales statute.

9. **Back-Up Bidder**. Notwithstanding the foregoing, in the event that the Successful Bidder fails to close by ten (10) business days following the Post-Auction Sale Hearing Date, the Back-Up Bid will be deemed to be the Successful Bid, and Debtor will be authorized, but not directed to close the Sale to the Back-Up Bidder subject to the terms of the Back-Up Bid without the need for further order of the Court and without the need for further notice to any interested parties. Unless otherwise directed by Debtor, the Back-Up Bidder will be required to close the Sale no later than ten (10) business days from the date Debtor notifies the Back-Up Bidder that the Successful Bidder failed to close the Sale.

10. **Return of Deposits**. All Deposits shall be returned to each bidder not selected as the Successful Bidder or the Back-Up Bidder(s) no later than five (5) business days following the closing of the Sale. The deposit of the Successful Bidder or, if the Sale is closed with the Back-Up Bidder, the deposit of the Back-Up Bidder, shall be applied to the purchase price for the Sale. If the Successful Bidder (or, if the Sale is to be closed with the Back-Up Bidder, then the Back-Up Bidder) fails to consummate the Sale because of a breach or failure to perform on the part of such bidder, then, subject to the terms of the subject Purchase Agreement or the Stalking Horse Agreement, as applicable, Debtor shall be entitled to retain the Deposit of the Successful Bidder (or, if the Sale is to be closed with the Back-Up Bidder, then the

Back-Up Bidder) as part of the damages resulting to the estate for such breach or failure to perform.

11. **<u>Reservation of Rights</u>**. Notwithstanding any of the foregoing, Debtor reserves the right to modify these Bidding Procedures during or prior to the Auction, including, without limitation, to extend the deadlines set forth herein, to allow for bidding on only a portion of the Assets but not all of them, to modify bidding increments, to waive terms and conditions set forth herein with respect to any or all potential bidders (including, without limitation, the Bid Requirements), to impose additional terms or conditions with respect to any or all Potential Bidders, to adjourn or cancel the Auction during or prior to the Auction, and to adjourn the Post-Auction Sale Hearing.

**B. Procedure For Assumption and Assignment of Unexpired Leases and Executory Contracts.**

1. On July 10, 2025, Debtor filed and served the Sale Motion on each counterparty to an Assigned Contract (each, a "<u>Counterparty</u>," and collectively, the "<u>Counterparties</u>") which included the cure amount (each, a "<u>Cure Amount</u>") on the Schedule of Assigned Contracts annexed to the Stalking Horse Purchase Agreement, if any, that Debtor is required to pay to the applicable Counterparty under section 365(b)(1)(A) and (B) of the Bankruptcy Code for each of the Assigned Contracts. If a Counterparty objects to (i) the Cure Amount for its Assigned Contract; (ii) the provision of adequate assurance of future performance, or (iii) the assumption of such Assigned Contract on any other ground, the Counterparty is required to serve a written objection (a "<u>Contract Objection</u>") no later than July 17, 2025 (the "<u>Contract Objection Deadline</u>").

2. Counterparties which did not timely file a Contract Objection shall be barred from objecting to the Cure Amount with respect to any Assigned Contract. However, if an Auction is held, Counterparties may object to the assignment of their respective Assigned Contract that solely relates to the adequate assurance of future performance by a Successful Bidder (other than a Stalking Horse Purchaser). Such objection shall be filed in accordance with subparagraph (7) below.

3. In the event Debtor receives one or more Qualifying Bids, Debtor shall send by overnight mail, email or facsimile copies of the documentation constituting any Qualifying Bid received as soon as practicable, but not later than two (2) business days after the date of the Bid Deadline, to all Counterparties whose Assigned Contracts are included in such Qualifying Bid; <u>provided</u>, however, that such information shall only be provided to those Counterparties who have submitted a written request to Debtor for such Qualifying Bid information, which request must be received by Debtor's counsel prior to the Bid Deadline.

4. If after filing the Sale Motion, additional executory contracts or unexpired leases of the Debtor are determined to be Assigned Contracts (such additional contracts,

the “Additional Contracts”), as soon as practicable thereafter and in no event less than three (3) business days before the date of the Non-Auction Sale Hearing, Debtor shall file with the Court and serve, by overnight delivery, on the Counterparties a notice of such assumption with the respective Cure Amounts and other required and pertinent information, and such Counterparties shall file any Contract Objections not later than: (i) the Contract Objection Deadline in the event that such notice is filed and served within five (5) days of the filing of the Sale Motion and (ii) one (1) business day prior to the commencement of the Non-Auction Sale Hearing in the event that such Assumption Notice was filed and served more than five (5) days after the date the Sale Motion was filed.

5. No later than one court day after the conclusion of the Auction, if any, or as soon as reasonably practicable thereafter, Debtor shall file with the Court a notice identifying the Successful Bidder (a “Notice of Successful Bidder”), which shall set forth, among other things, (i) the Successful Bidder and Back-Up Bidder (if any), (ii) the Selected Assigned Contracts (as defined below), and (iii) the proposed assignee(s) of such Selected Assigned Contracts.

6. No later than one court day after the conclusion of the Auction, or as soon as reasonably practicable thereafter, Debtor will cause to be served by e-mail, overnight mail, or equivalent method, upon each affected Counterparty that made a prior written request to Debtor's counsel in writing (including by e-mail) no later than the Bid Deadline, the following information: (i) notice of Successful Bidder and (ii) the Successful Bidder’s Qualified Bid information.

7. The Counterparties may file any Contract Objections with respect to any Successful Bidder other than the Stalking Horse Bidder, which Contract Objections shall relate solely to adequate assurance of future performance, not later than two (2) court days prior to the Post-Auction Hearing Date. Such Contract Objections must be served on the Successful Bidder and Debtor's counsel so as to be actually received by 5:00 p.m. July 17, 2025, or such other day that is two court days prior to the Post-Auction Hearing Date.

8. At the Non-Auction Sale Hearing or Post-Auction Sale Hearing (both referred to herein as a "Sale Hearing"), Debtor will seek Court approval of the assumption and assignment to the Stalking Horse Purchaser (or the Successful Bidder if an Auction is held), of only those Assigned Contracts that have been selected to be assumed and assigned (each, a “Selected Assigned Contract,” and collectively, the “Selected Assigned Contracts”). At any time prior to a Sale Hearing, the Stalking Horse Purchaser or other Successful Bidder may choose to exclude any Assigned Contract as a Selected Assigned Contract. Debtor reserves any and all rights with respect to any Assigned Contracts that are not ultimately designated as Selected Assigned Contracts, including the right to seek further authority from the Court to assume and assign such other remaining Assigned Contracts to the Successful Bidder or other third party upon further notice and hearing.

9. If no Contract Objection is timely received with respect to a Selected Assigned Contract: (i) the Counterparty to such Selected Assigned Contract shall be

deemed to have consented to the assumption by Debtor and assignment to the Successful Bidder of the Selected Assigned Contract, and be forever barred from asserting any objection with regard to such assumption and assignment (including, without limitation, with respect to adequate assurance of future performance by the Successful Bidder); (ii) any and all defaults under the Selected Assigned Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code; and (iii) the Cure Amount for such Selected Assigned Contract shall be controlling, notwithstanding anything to the contrary in such Selected Assigned Contract, and the Counterparty shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Selected Assigned Contract against Debtor and its estate or any Successful Bidder, or the property of any of them, that existed prior to the entry of the Sale Order.

**PLEASE TAKE NOTICE THAT IF NO OBJECTION TO (A) THE CURE COSTS(S), (B) THE PROPOSED ASSIGNMENT AND ASSUMPTION OF ANY ASSIGNED CONTRACT, OR (C) ADEQUATE ASSURANCE OF THE STALKING HORSE PURCHASER'S OR THE SUCCESSFUL BIDDER'S ABILITY TO PERFORM IS FILED BY THE CURE OBJECTION DEADLINE, THEN (I) YOU [THE CONTRACT COUNTERPARTY] WILL BE DEEMED TO HAVE STIPULATED THAT THE CURE COSTS AS DETERMINED BY THE DEBTOR ARE CORRECT, (II) YOU [THE CONTRACT COUNTERPARTY] WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY ADDITIONAL CURE AMOUNT UNDER THE PROPOSED ASSIGNED CONTRACT, AND (III) YOU [THE CONTRACT COUNTERPARTY] WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM OBJECTING TO SUCH PROPOSED ASSIGNMENT TO THE SUCCESSFUL BIDDER ON THE GROUNDS THAT THE SUCCESSFUL BIDDER HAS NOT PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE AS OF THE CLOSING DATE OF THE SALE.**

**C. Key Dates**.

The Bidding Procedures contain the following key dates for the proposed Sale process:[1]

| **Date** | **Deadline** |
|---|---|
| July 10, 2025 | Date Sale Motion and Bid Procedures Motion were filed. |
| July 17 2025 | Contract Objection Deadline. |
| July 17, 2025 | Deadline to object to Sale Motion. |
| July 20, 2025 | Bid Deadline |
| July 20, 2025 at 5:00 p.m. | Deadline for counterparties to executory contracts and unexpired leases to request Qualified Bidder information, if any |
| July 20, 2025 at 5:00 p.m. | Deadline for counterparties to executory contracts and unexpired leases to request Successful Bidder information, if any |
| July 22, 2025 | Debtor's Deadline to Respond to Sale Objections |
| July 23, 2025 | Deadline for Debtor to file a declaration whether one or more Qualifying Bids were received |
| July 29, 2025 at 1:00 p.m. | Non-Auction Sale Hearing, or if Qualifying Bid is timely received, Post-Bidding Status Conference |
| **THE BELOW PROCEDURES APPLY ONLY IF A QUALIFYING BID IS TIMELY RECEIVED** | |
| July 22, 2025, 2025 at 5:00 p.m. | Deadline for Debtor to notify Qualifying Bidders that their bid is a Qualifying Bid and Designate Baseline Bid |
| July 22, 2025, 2025 | Deadline for Debtor to file and service notice of receipt of Qualifying Bid (two days after Bid Deadline) |
| July 27, 2025 at 10:00 a.m. | Auction Date, if any Qualified Bids are received other than the Stalking Horse Bid |
| July 28, 2025 | If Auction is held, deadline to file Notice of Successful Bidder and to serve the Post-Auction Counterparty Notice on counterparties to Assigned Contracts who have requested same regarding the Successful |

[1] Parties should read all of the Bid Procedures carefully and not rely on the summary set forth in this table with respect to their rights which may be affected.

| | |
|---|---|
| | Bidder information. |
| August 2, 2025 | Deadline for counterparties to assumed and assigned contracts to file an objection based on adequate assurance of future performance regarding a Successful Bidder other than the Stalking Horse Purchaser. |
| At or prior to the Post-Auction Sale Hearing | Deadline for Debtor to respond to adequate assurance objections filed by Counterparties to Assigned Contracts |
| August 11, 2025 at 11:00 a.m. | Post-Auction Sale Hearing |

Dated: July 17, 2025

HEALTHY SPOT OPERATING, LLC

By: ___*/s/ Daniel H. Reiss*___________
DANIEL H. REISS
LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.
Attorneys for Chapter 11
Debtor and Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled **NOTICE OF BIDDING PROCEDURES FOR THE SALE OF DEBTOR'S ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 18, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jonathan Arias bknotices@zwickerpc.com
- Jamie Altman Buggy jbuggy@harvestllp.com, jkeatingwolk@harvestllp.com,atenreiro@harvestllp.com
- Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- Ivo Keller ikeller@sflaw.com, calendar@sflaw.com
- Sweeney Kelly kelly@ksgklaw.com
- Elizabeth S Lynch blynch@chinnery.com
- Noreen A Madoyan Noreen.Madoyan@usdoj.gov
- Stephen Malkiewicz stephen.malkiewicz@cintas.com
- Jean Pierre Nogues jpn@msk.com
- Dean G Rallis drallis@hahnlawyers.com, jevans@hahnlawyers.com;drallis@ecf.courtdrive.com;jevans@ecf.courtdrive.com;crogers@hahnlawyers.com;acastillo@hahnlawyers.com
- Abe G Salen asalen@wzllp.com, kmartin@wzllp.com,ddouglas@wzllp.com,akaderbarek@wzllp.com
- Daren M Schlecter daren@schlecterlaw.com, assistant@schlecterlaw.com
- Gary A Starre gastarre@gmail.com, mmoonniiee@gmail.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On **July 18, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** <u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 18, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 18, 2025 | D. Woo | /s/ D. Woo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

Label Matrix for local noticing
0973-2
Case 2:24-bk-20065-DS
Central District of California
Los Angeles
Fri Jul 18 09:56:11 PDT 2025

American Express National Bank, c/o Zwicker
Zwicker & Associates, P.C.
80 Minuteman Road
P.O. Box 9043
Andover, MA 01810-0943

Essex Portfolio, L.P.
1100 PARK PLACE
STE 200
SAN MATEO, CA 94403-7107

Healthy Spot Operating LLC
1831 West 208th Street
Torrance, CA 90501-1808

Ivy Station Residential LLC
c/o Shartsis Friese LLP
425 Market Street, 11th Floor
San Francisco, CA 94105-2532

Levene, Neale, Bender, Yoo & Golubchik LLP
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Oracle America, Inc.
Buchalter, a Professional Corporation
c/o Shawn M. Christianson, Esq.
425 Market St., Suite 2900
San Francisco, CA 94105-2491

Sepulveda Blvd. Properties, LLC, a Californi
c/o Liddle & Liddle, APC
310 S. Vermont Ave.
Glendora, CA 91741-6201

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

1000 Grand Ave Holdings LLC
ATTN: Property manager
1000 S. Grand Avenue
Los Angeles, CA 90015-1447

614 E COL Properties LLC
2834 West Imperial Highway
Inglewood, CA 90303-3112

8126 Beverly Properties, LLC
2834 W Imperial Highway
Inglewood, CA 90303-3112

8525 Santa Monica Blvd LLC
710 North Oakhurst Drive
Beverly Hills, CA 90210-3533

A Purposeful Rescue
1122 Carmona Avenue
Los Angeles, CA 90019-2565

ACH Capital West, LLC
8791 South Redwood Road Suite 200
West Jordan, UT 84088-5724

Accutancy Solutions LLC
8 The Green
Ste. R
Dover, DE 19901-3618

Alexander Nagy
12424 Wagner Street
Los Angeles, CA 90066-6826

Allen C. Dennis
Allen C. Dennis
9811
Chatsworth, CA 91311

American City Pest & Termite
614 W. 184th Street
Gardena, CA 90248-4203

American Commercial Equities Three, LLC
American Commercial Equities Three
TIN #03-0590579
22917 Pacific Coast Hwy, Ste. 300
Malibu, CA 90265-6415

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

American Express National Bank, AENB
c/o Zwicker and Associates, P.C.
Attorneys/Agents for Creditor
P.O. Box 9043
Andover, MA 01810-0943

Andrew Kim
Law Office of Frank Ruggier
15545 Devonshire St., Ste. 110
Mission Hills, CA 91345-2686

Animal Supply Company
PO Box 201016
Dallas, TX 75320-1016

Artvark Pet Products
15071 Keswick Street
Van Nuys, CA 91405-1133

BNG Miracle Pet LLC
2425 W. Dorothy Lane
Dayton, OH 45439-1827

Bel Air Internet, LLC
15301 Ventura Blvd. Bldg. D
Suite 250
Sherman Oaks, CA 91403-6603

Berkeley Humane
2700 Ninth Street
Berkeley, CA 94710-2606

CSC
P.O. Box 7410023
Chicago, IL 60674-5023

California Dept. of Tax and Fee Administrati
Collection Support Bureau, MIC: 29
PO Box 942879
Sacramento, CA 94279-0029

Capstone Law APC
1875 Century Park East
Suite 1000
Los Angeles, CA 90067-2533

Caligo, Inc.
P.O. Box 735755
Chicago, IL 60673-5755

Century City Mall, LLC
7950 Collection Center DR.
Chicago, IL 60693-0079

Cintas Corporation No. 2
c/o Steve Malkiewicz, Bankruptcy Counsel
6800 Cintas Blvd
Mason, OH 45040-9151

Clearmind Technology, Inc.
3303 Wilshire Blvd
Suite 1225
Los Angeles, CA 90010-1785

Cushman & Wakefield U.S., Inc.
900 Wilshire Blvd.
Los Angeles, CA 90017-4790

Dandylion
375 Princess Ave
Toronto, ON M2N 3S7, OH 09876

Diggs, Inc
1701 Landmark Road
San Diego, CA 92154-6758

Diggs, Inc.
733 Third Ave
15th Floor
New York, NY 10017-3293

Digital Marketing Consulting Group
57 Chandler Street
Unit A
Boston, MA 02116-6206

Digital Mktg Consulting Group
57 Chandler Street
Unit A
Boston, MA 02116-6206

Doordash G&C LLC
303 2ND STREET SOUTH TOWER 800
SAN FRANCISCO, CA 94107-1366

ECS Janitorial Services, Inc.
901 East 65th Street
Inglewood, CA 90302-1703

East of June, LLC
Stafford Commercial Real Estate
8900 Melrose Ave., Suite 201
West Hollywood, CA 90069-5616

Employment Development Department
Bankruptcy Group MIC 92E, PO BOX 826880
Sacramento, CA 95814

Essex Portfolio, L.P.
MB360 Retail
PO BOX 209441
Austin, TX 78720-9281

Eva Tambito Espinoza
2680 Macarthur Avenue
San Pablo, CA 94806-2824

Evermore Pet Food, Inc
5055 New York 213
Olivebridge, NY 12461

Fdm Business Development
PO Box 744886
Atlanta, GA 30374-4886

Firstlight Foods USA Inc.
5042 Wilshire Boulevard
Los Angeles, CA 90036-4305

Fisher & Phillips LLP
1200 Abernathy Road, Suite 950
Atlanta, GA 30328-5674

Force 10 Partners
5271 California Avenue Suite 270
Irvine, CA 92617-3222

Forte Animal Rescue
Forte Animal Rescue
PO Box 10085
Marina del Rey, CA 90295-6085

Fortis LLP
611 Anton Blvd Suite 1050
Costa Mesa, CA 92626-7053

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

GKT Village at Topanga, L.L.C.
c/o Manning Gross + Massenburg LLP
Attn: David Primack
125 High Street, Oliver Street Tower, 6t
Boston, MA 02110

Giammarco & Associates, Inc
15 PO BOX
Woodland Hills, CA 91365-0015

Grandma Lucy's
30432 Esperanza
Rancho Santa Margarita, CA 92688-2144

Greg Garfield
18653 Ventura Boulevard
#368
Los Angeles, CA 91356-4103

Groomers Friend LLC
8502 East Chapman Avenue
Suite 358
Orange, CA 92869-2461

I Stand With My Pack
10736 Jefferson Boulevard
#273
Culver City, CA 90230-4933

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILA PA 19101-7346

Independent Pet Supply
10646 Bloomfield Avenue
Santa Fe Springs, CA 90670-3912

Insta Funding LLC
2999 NE 191st St, #500
Miami, FL 33180-3384

Instafunding LLC aka TVT SPVL
c/o Sweeney & Kelble APC
515 S. Flower St., 18th Floor
Los Angeles, CA 90071-2201

Ivy Station Residential LLC
11777 San Vicente Boulevard
Suite 900
Los Angeles, CA 90049-5084

Ivy Station Residential LLC
Shartsis Friese LLP, Attn: Ivo Keller
425 Market St, 11th Fl
San Francisco, CA 94105-2532

Jax & Bones
345 Cloverleaf Dr
Suite A
Baldwin, CA 91706-6502

Joe Johnson
14414 U.S. Highway 87 West
Ste. 3C #318
La Vernia, TX 78121-5947

K9 Grillz
Chris Thomas
13900 Marquesas Way #4410
Marina del Rey, CA 90292-6062

KB Properties
PO Box 2248
Mill Valley, CA 94942-2248

Kaiser Permanente
New York, NY 10001

Kaitlin MacDonald
3925 Freshwind Circle
Westlake Village, CA 91361-3804

Karla Kihn
410 Hauser Boulevard
7J
Los Angeles, CA 90036-5548

Karma Cat Inc
6565 Spring Brook Ave
Suite 8
Rhinebeck, NY 12572-3726

Kent Burton
Peter Mow
225 S. Sepulveda Blvd.
Manhattan Beach, CA 90266-6825

Koenig Family Properties
35363 Hwy AA
Lebanon, MO 65536

Lambwolf Collective
20 Jay Street
Room 500
Brooklyn, NY 11201-8324

Los Angeles LGBT Center
1118 North McCadden Place
Los Angeles, CA 90038-1213

MSQ, LLC
MSQ, LLC
Sepulveda Blvd
Los Angeles, CA 91411

Mamo LBMP Investors I LLC
c/o Kutak Rock LLP
Attn: Christopher G. Varallo
510 W. Riverside Ave., #800
Spokane, WA 99201-0506

Maplebear Inc
PO BOX 103272
Pasadena, CA 91189-0163

Margarita R.D Cleaning
5200 Coe Avenue
Apt 2012
Seaside, CA 93955-6911

Michael Arizola
101 RAINBOW DR
#7187
Livingston, TX 77399-9301

Michael Arizola
2443 Fillmore St 380-7349
San Francisco, CA 94115-1814

Michael Quagletti Trust
2300 Greenfield Avenue
Los Angeles, CA 90064-1908

Moment Screen Printing
Moment
2918 Denby Ave.
Los Angeles, CA 90039-3420

Monolith
1235 North Ogden Drive
#1
West Hollywood, CA 90046-4784

Mor Air Inc
11661 Saticoy St
North Hollywood, CA 91605-2945

Mor Air, Inc.
11551 Saticoy Street
North Hollywood, CA 91605-2935

Muttville Senior Dog Rescue
750 Florida Street
San Francisco, CA 94110-2026

Natural Dog Company
4444 South Boulevard
Charlotte, NC 28209-2673

Newco
9060 Rochester Avenue
Rancho Cucamonga, CA 91730-5522

Niclas A. Ferland
Barclay Damon, LLP
545 Long Wharf Drive, 9th Floor
New Haven, CT 06511-5960

NorCal Sled Dog Rescue
P.O. Box 30877
Walnut Creek, CA 94598-7877

Odecloud Inc.
2291 Stockton Street
4361
San Francisco, CA 94133-1524

One Thousand Grand Avenue Holdings, LLC
Thomas F. Murphy, Esq.
5335 Wisconsin Avenue, NW
Suite 600
Washington, DC 20015-2054

Oracle America, Inc. (Crowdtwist)
Oracle America, Inc.
P.O. Box 203448
Dallas, TX 75320-3448

Oracle Credit Corp. & Oracle America, Inc.
SII to NetSuite, Inc. & CrowdTwist
c/o Shawn M. Christianson, Esq.
Buchalter PC
425 Market St., Suite 2900
San Francisco, CA 94105-2491

(p)PACIFIC GAS & ELECTRIC COMPANY
PO BOX 8329
STOCKTON CA 95208-0329

Pacific Western Container
4044 West Garry Avenue
Santa Ana, CA 92704-6300

Paws of L.A. Rescue
C. Rodriguez, Exec. Director
4500 Via Marina, #110
Marina del Rey, CA 90292-7215

Peace of Mind Dog Rescue
615 Forest Avenue
Pacific Grove, CA 93950-4203

Perkins Coi LLP
1201 3rd Ave
Suite 4900
Seattle, WA 98101-3095

Pet Food Experts
175 Main Street
Pawtucket, RI 02860-4127

Petipet
1332 N Halsted St
Suite 405
Chicago, IL 60642-2624

Phillips Pet Food Supplies
3747 Hecktown Road
Easton, PA 18045-2350

Pidan
16192 Coastal Highway
Lewes, DE 19958-3608

Primal Pet Foods
801 Chadbourne Rd. Ste 103.
Fairfield, CA 94534-4189

Prime Graphix Inc.
Prime Graphix Inc.
4818 Hallowell Ave.
Temple City, CA 91780-3456

Prime Refrigeration Systems, Inc
5860 Central Ave, Unit 110
Riverside, CA 92504-2007

Project Hive
2400 Cedar Shore Drive
Minneapolis, MN 55416-3818

Pure Dog Food
5741 Buckingham Pkwy. Unit D
Culver City, CA 90230-6520

Radbert Chin & Diana Chin
C/O Manco Abbott Inc
P.O. Box 9440
Fresno, CA 93792-9440

Raw Advantage Processing
12264 Silver Falls Hwy SE
12264 Silver Falls HWY SE
Aumsville, OR 97325-9535

Raw Advantage Processing, LLC
c/o David D. Farrell, THOMPSON COBURN LL
One US Bank Plaza, Suite 2700
505 N. Seventh Street
Saint Louis, MO 63101-1612

Red Security Group LLC
2213 Artesia Boulevard
Redondo Beach, CA 90278-3111

RetailNext
60 South Market Street, 10th Floor
San Jose, CA 95113-2351

RetailNext, Inc.
c/o Amy Lund
307 Orchard City Cr #100
Campbell, CA 95008-2948

Roadogs & Rescue
25131 Narbonne Ave 489
Lomita, CA 90717-7022

Rocket Dog Rescue
3561 Foothill Blvd
Oakland, CA 94601
San Francisco, CA 94146

Rosa Medina
1875 Century Park East
Suite 1000
Los Angeles, CA 90067-2533

Rosa Medina, a PAGA representative
1875 Century Park East
Suite 1000
Los Angeles, CA 90067-2533

Runway Owner LLC
12775 Millennium Drive
Suite 165
Los Angeles, CA 90094-2891

Ryan Tish
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, CA 90067-2533

SFPUC Water, Power & Sewer
525 Golden Gate Ave, 7th FL
San Francisco, CA 94102-3220

SPS Commerce, Inc.
PO Box 205782
Dallas, TX 75320-5782

Sage Law Partners
9696 Culver Boulevard
Suite 301
Culver City, CA 90232-2759

Sarah DeRemer
508 N Normandie ave
#3
Los Angeles, CA 90004-2045

Sepulveda Blvd. Properties, LLC
225 S Sepulveda Blvd
ATTN: Holly Miyagawa
Manhattan Beach, CA 90266-6825

Serena Taylor
3404 Pine Avenue
Manhattan Beach, CA 90266-3620

(p)SHOPIFY INC
100 SHOCKOE SLIP 2ND FLOOR
RICHMOND VA 23219-4100

Silver Ridge Plaza
16541 Gothard Street
STE 112
Huntington Beach, CA 92647-9013

Simon Maas
1880 Lucile Avenue
Los Angeles, CA 90026-1026

Site Reach Inc.
1916 Pike Place
Ste 12 #1345
Seattle, WA 98101-1056

Stella Havkin
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367-5037

Steven M Carlson
2918 Denby Ave
Unit A
Los Angeles, CA 90039-3420

TSYS Merchant Solutions, LLC
dba Global Payments
MERCHANT PROCESSING CENTER
2675 WEST 600 NORTH
Lindon, UT 84042-1219

TVT SPVL.com
2999 NE 191st St, #500
Miami, FL 33180-3384

The Foggy Dog
3360 20th Street
Suite A
San Francisco, CA 94110-2655

The Honest Kitchen
PO Box 741434
Los Angeles, CA 90074-1434

(c)THE HONEST KITCHEN, INC.
1775 HANCOCK ST STE 100
SAN DIEGO CA 92110-2035

The Rescue Train
13027 Victory Blvd.
#522
North Hollywood, CA 91606-2925

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Umland LLC
2213 County Road 355 North
Carlock, IL 61725-9051

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Valerga LLP
395 S. Main Street #201
c/o Brody Valerga
Alpine, UT 84004-2050

Village at Westfield Topanga
211 North Stadium Boulevard
Suite 201
Columbia, MO 65203-1161

Walnut Square Center LP
468 Green Street
San Francisco, CA 94133-4029

West Valley Owner LLC
c/o Barclay Damon, LLP
545 Long Wharf Drive, 9th Floor
ATTN: Niclas A. Ferland
New Haven, CT 06511-5960

William B Drury
PO Box 2248
Mill Valley CA 94942-2248

Yosemite Protein Products Inc.
47 Sequoia Glen Lane
Novato, CA 94947-5176

Ziply Network Inc.
1017 N La Cienega
Unit 200
Los Angeles, CA 90069-4195

Ziwi USA, Inc
10985 Cody Street
Suite 110
Overland Park, KS 66210-1242

Daniel H Reiss
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

David L. Neale
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Robert Carrasco
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Todd M Arnold
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

PG&E
PO BOX 8329
C/O BANKRUPTCY
STOCKTON, CA 95208

Shopify Capital Inc
100 Shockoe Slip
2nd Floor
Richmond, VA 23219-0000

U.S. Bank National Association
Bankruptcy Department
PO Box 108
Saint Louis MO 63166-0108

Addresses marked (c) above for the following entity/entities were corrected as required by the USPS Locatable Address Conversion System (LACS).

The Honest Kitchen, Inc.
1785 Hancock Street
Suite 100
San Diego, CA 92110

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)ACH Capital West, LLC

(u)Courtesy NEF

(u)Fortis LLP

(u)Instafunding LLC a/k/a TVT SPVL

(u)One Thousand Grand Avenue Holdings LLC

(u)Sage Law Partners

(u)Westfield, LLC and Century City Mall, LLC

(u)ZIWI USA, Inc.

(d)Essex Portfolio, L.P.
1100 PARK PLACE, SUITE 200
SAN MATEO, CA 94403-7107

(d)Pet Food Experts, LLC
175 Main Street
Pawtucket, RI 02860-4127

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 157 |
| Bypassed recipients | 10 |
| Total | 167 |

## Landlords

| Company or Individual Name | Email |
|---|---|
| 614 E. Col Properties | arashbus@gmail.com |
| 8126 Beverly Properties LLC, Arash Danialifar | arashbus@gmail.com |
| 8525 Santa Monica Blvd LLC | cindy@michaelrussocps.com |
| Allen C. Dennis Trustee | bruce@lightcraftoutdoor.com |
| American Commercial Equities Three | vasher@acemalibu.com |
| Century City Mall LLC - Westfield | michelle.garza@urw.com |
| East of June LLC | darren@sbmgmt.com |
| Essex Portfolio L.P. | commercial@essex.com |
| Industrious LS Hughes District LLC | kzimmermann@industriousoffice.com |
| Ivy Station Residential LLC | lcole@lowe-re.com |
| KB Properties | lauratorres1@me.com |
| KCMBP LLC | kcmbpllc@gmail.com |
| Koenig Family Properties LLC | kftprop@gmail.com |
| Mamo LBMP Investors I LLC | ari.dzmura@cbre.com |
| Michael Quagletti Trust | michaelquagletti@icloud.com |
| MSQ LLC | razad@hiclp.com |
| One Thousand Grand Avenue Holdings, LLC. Hanover Grand LLC | wadam@gid.com |
| Radbert and Diana Chin | mgoldfarb@mancoabbott.com |
| Runway Owners LLC | jgriffin@prismplaces.com |
| Sepulveda BLVD Properties LLC - Skechers | hollym@skechers.com |
| Silver Ridge Plaza | matt@wrimgt.com |
| Walnut Square Center LP | Kathy@crownfortune.com |
| West Valley Owner LLC | algier.castillo@urw.com |

# Contract Counter Parties

| Name | Email (Main Point of Contact) |
|---|---|
| Mytime | ethan@mytime.com |
| Shopify | plusspecialists@shopify.com |
| Celigo | johnny.crain@celigo.com |
| Crowdtwist | alexis.coleman@oracle.com |
| Cintas | CadenaE@cintas.com |
| Clearmind Technology | john.sun@clearmind.it |
| Box | kkosche@box.com |
| RetailNext | caroline.pussey@retailnext.net |
| RFSmart | jennica.kinard@rfsmart.com |
| Instacart (Maplebear) | portfoliomanagement@instacart.com |
| Reviewtrackers | ryan.flanagan@inmoment.com |
| Monday.com | support@monday.com |
| Figma | support@figma.com |
| Industrious | kzimmermann@industriousoffice.com |
| Izuzu Finance | mberger@isuzuapp.com |