DANIEL H. REISS (SBN 150573)
LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dhr@lnbyg.com

Attorneys for Debtor and Debtor in Possession

FILED & ENTERED

JUL 30 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>HEALTHY SPOT OPERATING, LLC,<br><br>Debtor and Debtor in Possession. | Case No. 2:24-bk-20065-DS<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION FOR ORDER APPROVING STIPULATION BY AND AMONG THE DEBTOR, ACH CAPITAL WEST, LLC, INSTAFUNDING LLC, PET PROS, LLC, AND NPM FRANCHISING, LLC REGARDING CLAIM ALLOWANCE AND CREDIT BIDDING**<br><br><u>Hearing</u>:<br>Date: July 29, 2025<br>Time: 1:00 p.m.<br>Place: Courtroom 1639<br>255 East Temple Street<br>Los Angeles, CA 90012 |

A hearing was held at the above time and place on the "Motion for Order Approving Stipulation by and Among the Debtor, ACH Capital West, LLC, Instafunding LLC, Pet Pros, LLC, and NPM Franchising, LLC Regarding Claim Allowance and Credit Bidding" (the "Motion," Docket No. 184) filed by debtor Healthy Spot Operating, LLC.

/ / /

Appearances were noted on the record. Based on the Motion and the record in this case, and for the reasons stated on the record at the hearing,

IT IS HEREBY ORDERED that the Motion is granted. The stipulation that is the subject of the Motion, attached hereto as Exhibit A, is approved.

###

Date: July 30, 2025

Deborah J. Saltzman
United States Bankruptcy Judge

# EXHIBIT "A"

DANIEL H. REISS (SBN 150573)
LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dhr@lnbyg.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>HEALTHY SPOT OPERATING, LLC,<br><br>Debtor and Debtor in Possession. | Case No.: 2:24-bk-20065-DS<br><br>Chapter 11 Case<br><br>**STIPULATION BY AND AMONG THE DEBTOR, ACH CAPITAL WEST, LLC, INSTAFUNDING LLC, PET PROS, LLC, AND NPM FRANCHISING, LLC REGARDING CLAIM TREATMENT** |

Healthy Spot Operating, LLC ("Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the "Chapter 11 Case"), ACH Capital West, LLC ("ACH"), Instafunding LLC aka TVT SPVL ("TVT"), Pet Pros, LLC ("Pet Pros"), and NPM Franchising, LLC ("NPM," and together with Pet Pros, the "Buyer," and Buyer collectively with Debtor, ACH and TVT, the "Parties"), by and through their undersigned counsel, hereby enter into this stipulation ("Stipulation"), pursuant to which the Parties stipulate and agree as follows:

**RECITALS**

A. On December 10, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

B. On February 2, 2025, ACH filed Claim Nos. 9 and 10 (the "ACH Claims") against the Debtor, asserting secured claims in the amounts of $629,689.99 (Claim No. 9) and $651,846.94 (Claim No. 10) on account of "Sept 2024 Receivables Purchase Agr."

C. The ACH Claims assert certain "recorded UCC-1" filings as the basis for the perfection of its purported security interests and attached certain UCC Financing Statements (the "ACH UCC-1s") filed with the Delaware Secretary of State and the California Secretary of State. The ACH UCC-1s identify, among other entities, the Debtor as a debtor to the ACH obligations, pledging "[a]ll current assets of the Debtor as of the enforcement date of [the ACH UCC-1s], including but not limited to cash, accounts receivable, other receivables, equipment, inventory, along with all trade fixtures belonging to the Debtor; all inclusive of after acquired property."

D. Also on February 2, 2025, TVT filed Claim Nos. 11 and 12 (the "TVT Claims," and together with the ACH Claims, the "ACH/TVT Claims") against the Debtor, asserting secured claims in the amounts of $994,045.42 (Claim No. 11) and $810,624.99 (Claim No. 12) on account of "June 2024 Contract Receivables Purchase Agr."

E. The TVT Claims assert certain "recorded UCC-1" filings as the basis for the perfection of its purported security interests and attached certain UCC Financing Statements (the "TVT UCC-1s") filed with the California Secretary of State. The TVT UCC-1s identify, among other entities, the Debtor as a debtor to the TVT obligations, pledging "[a]ll personal property of every kind and nature, wherever located, and now owned or hereafter acquired, including without limitation, all accounts, contract rights, rights to the payment of money, insurance claims and proceeds, chattel paper, electronic chattel paper, documents, instruments, securities and other investment property, deposit accounts, supporting obligations of every nature, and general intangibles, including without limitation, customer lists, and all books and records related thereto, and all recorded data of any kind and nature, regardless of the medium of recording; together with, to the extent not listed above as to the original collateral, all substitutions and replacements for and products of any of the foregoing property, and together with proceeds of any and all of the foregoing property." TVT asserts that, pursuant to a merchant cash advance

agreement, it purchased accounts receivable from Debtor, and therefore claims an ownership interest in such purchased receivables.

F. As set forth in its *Initial Chapter 11 Case Status Report* [Docket No. 42] (the "Status Report"), the Debtor asserts various defects and deficiencies as to the validity and perfection of the ACH and TVT purported security interests underlying the ACH/TVT Claims, including that the Debtor disputes the validity of the confession of judgment filed by TVT in Utah state court.

G. Conversely, ACH and TVT dispute the Debtor's allegations raised in the Status Report, and assert that the ACH/TVT Claims, respectively, are valid, properly perfected, and enforceable against the Debtor.

H. The Parties hereto agree that there are no other liens claimed by any other creditor of the Debtor, and that, to the extent the ACH/TVT Claims are valid and enforceable, the liens secured such claims are first-priority blanket liens against the Debtor's assets.

I Pet Pros, a Washington limited liability company, and NPM, a Washington limited liability company, together are interested in acquiring certain Assets of the Debtor, free and clear of liens, claims, encumbrances and interests, and intends to enter into an *Asset Purchase Agreement* (the "APA") with Debtor for that purpose. Debtor has filed or will soon file a motion with the Bankruptcy Court to approve the APA (the "Sale Motion"), as well as a motion seeking approval of certain bidding and sale procedures (the "Bid Procedures Motion"). As a condition to proceeding with the purchase of the Assets, and as set forth in the APA, Buyer requires that: (i) the ACH/TVT Claims be allowed in the amounts set forth herein below; (ii) Buyer acquires the ACH/TVT Claims; and (iii) and that Buyer be authorized to credit bid the allowed amount of the ACH/TVT Claims under Section 363(k) of the Bankruptcy Code as part of the purchase price for the Assets.

J. ACH and TVT desire to monetize the ACH/TVT Claims and to sell and transfer such claims to Buyer.

K. Following arm's-length negotiations, the Parties have reached an agreement regarding the treatment of the ACH/TVT Claims.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties, as follows:

1. Effective Date. This Stipulation shall become effective upon the entry of an order of the Bankruptcy Court approving this Stipulation (the "Effective Date").

2. The ACH/TVT Allowed Claims. Upon the Effective Date of this Stipulation, the ACH Claims shall be allowed, for the purpose of Buyer submitting a credit bid in the Auction and Sale, in the total amount of $1,281,538.93 (the "ACH Allowed Claims"). Also upon the Effective Date of this Stipulation, the TVT Claims shall be allowed, for the purpose of Buyer submitting a credit bid in the Auction and Sale, in the total amount of $1,804,670.41 (the "TVT Allowed Claims"). Accordingly, the ACH/TVT Claims shall be allowed as first-priority secured claims secured by a blanket lien on Debtor's assets, as good and valid consideration for the purpose of Buyer submitting a credit bid in the Auction and Sale, under Section 363(k) of the Bankruptcy Code, in the aggregate amount of $3,086,209.34 (the "ACH/TVT Allowed Claims"). The allowance of the ACH/TVT Claims are subject to: (i) the acquisition of the ACH/TVT Claims by Buyer, and (ii) Debtor and Buyer entering into a binding asset purchase agreement, subject to Bankruptcy Court approval, in which the TVT/ACH Allowed Claims shall be credit bid as part of the purchase price. Absent the foregoing conditions, Debtor reserves all rights with respect to objecting to the ACH/TVT Claims.

3. Transfer of ACH/TVT Allowed Claims. Upon an order of the Bankruptcy Court approving this Stipulation and the allowance of the ACH/TVT Allowed Claims for the purpose of Buyer submitting a credit bid in the Auction and Sale, under Section 363(k) of the Bankruptcy Code, ACH and TVT each agree to promptly transfer their respective ACH/TVT Allowed Claims to Buyer within three (3) business days upon receipt of such consideration that has been agreed upon in writing. ACH and/or TVT shall have no further claims (administrative, secured, unsecured, or otherwise) against the Debtor.

4. Reservation of Rights. Should Buyer not be determined to be the Successful Bidder in the Auction, Buyer reserves all rights in and to the ACH/TVT Claims, including any and all asserted security interests in collateral of the Debtor and any rights to payment in connection therewith, in the Chapter 11 Case, or under the Bankruptcy Code.

5. Jurisdiction. The Bankruptcy Court shall retain exclusive jurisdiction and power to interpret and enforce the terms and conditions of this Stipulation.

*[Signature page follows]*

**IT IS SO STIPULATED.**

DATED: July 14, 2025

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK LLP

*/s/ Daniel H. Reiss*
DANIEL H. REISS
*Attorneys for Healthy Spot Operating, LLC*

DATED: July 14, 2025

BRONSTER LLP

*/s/ J. Logan Rappaport*
J. LOGAN RAPPAPORT
*Attorneys for ACH Capital West, LLC and Instafunding LLC aka TVT SPVL*

DATED: July 14, 2025

BUSH KORNFELD LLP

*/s/ Richard B. Keeton*
RICHARD B. KEETON
*Attorneys for Pet Pros, LLC and NPM Franchising, LLC*