DANIEL H. REISS (SBN 150573)
LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dhr@lnbyg.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>HEALTHY SPOT OPERATING, LLC,<br><br>Debtor and Debtor in Possession. | Case No.: 2:24-bk-20065-DS<br><br>Chapter 11 Case<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER APPROVING STIPULATION AUTHORIZING ASSUMPTION AND ASSIGNMENT OF NON-RESIDENTIAL REAL PROPERTY LEASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK BOONNARK**<br><br>[No hearing required unless requested; LBR 9013-1(o)(1)]<br><br>Date:<br>Time:<br>Place: Courtroom 1639<br>255 East Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:**

Healthy Spot Operating, LLC, the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case ("Debtor"), hereby moves this Court pursuant to sections 105(a) and 365 and Rule 6006 of the Federal Rules of Bankruptcy for an order approving the *Stipulation By and Among The Debtor, Melrose Hudson Holding Company, LLC, Melrose Seward Holding Company, LLC, Pet Pros, LLC, and NPM Franchising, LLC Assumption and Assignment of Real Property Lease*, a copy of which is attached hereto as **Exhibit A**, by and among the Debtor, Pet Pros LLC and NPM Franchising, LLC, both Washington limited liability companies ("NPM," and together with Pet Pros LLC, the "Buyer"), Melrose Seward Holding Company, LLC ("Melrose Seward"), and Melrose Hudson Holding Company, LLC ("Melrose Hudson," and together with Melrose Steward, the "Melrose Landlord"). The Motion is based on this Notice, the Stipulation, the attached Memorandum of Points and Authorities, the entire record of this case, the statements, arguments and representations of counsel to be made at any hearing on the Motion, if any, and any other evidence properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that, Local Bankruptcy Rule§ 9013-1(o)(1) requires that any response and request for hearing must be filed with the Court and served on Debtor's counsel and the United States trustee within 14 days after the date of service of this Notice or Motion in the form required by Local Bankruptcy Rule 9013-1(f)(1).

**PLEASE TAKE FURTHER NOTICE** that failure to file and serve an objection or request for hearing within the fourteen (14) day objection period may be deemed by the Court to be consent to the relief requested herein.

WHEREFORE, Debtor hereby moves the Court for an order:

1. Approving the Stipulation in its entirety;
2. Authorizing Debtor to assume and assign the Melrose Lease pursuant to 11 U.S.C. § 365;
3. Waiving the 10-day stay period set forth in Federal Bankruptcy Rule 6006(d); and

4. Granting such further relief as the Court deems just and proper.

Dated: August 22, 2025

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: ___*/s/ Daniel H. Reiss*__________
DANIEL H. REISS
Attorneys for Chapter 11 Debtor and Debtor in Possession

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

As set forth in the annexed Notice of Motion, subject to this Court's approval, Debtor has entered into that certain *Stipulation By and Among The Debtor, Melrose Hudson Holding Company, LLC, Melrose Seward Holding Company, LLC, Pet Pros, LLC, and NPM Franchising, LLC Assumption and Assignment of Real Property Lease*, a copy of which is attached hereto as **Exhibit A** (the "Stipulation"). The Stipulation is by and among the Debtor, Pet Pros LLC and NPM Franchising, LLC, both Washington limited liability companies ("NPM," and together with Pet Pros, the "Buyer,"), Melrose Seward Holding Company, LLC ("Melrose Seward"), and Melrose Hudson Holding Company, LLC ("Melrose Hudson," and together with Melrose Steward, the "Melrose Landlord").

The relevant facts supporting the approval of the Stipulation are briefly stated as follows:

1. On December 10, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Court").

2. On July 31, 2025, this Court entered that certain *Order (1) Authorizing Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (2) Authorizing Assumption and Assignment of Certain Leases and Contracts* (the "Sale Order", which approved that certain Asset Purchase Agreement, annexed thereto as Exhibit A (the "APA") [Dkt. No. 205]. Among other things, the APA provided for the assumption and assignment of certain real property leases pursuant to 11 U.S.C. § 365, which were listed on Schedules A and B to the APA (the "Assumed and Assigned Leases").

3. Debtor is a party to a lease with the Melrose Landlord with respect to the premises located at 6063 Melrose Ave Los Angeles CA 90038 (the "Melrose Lease"). The Melrose Lease was not included among the Assumed and Assigned Leases. The Melrose Lease

has not been rejected by Debtor, and it remains subject to assumption and assignment by Debtor under 11 U.S.C. § 365.

4. It has been agreed by the Parties, that Debtor shall assume and assign the Melrose Lease to Buyer effective on September 1, 2025 under the terms set forth in the Stipulation, subject to the Court's approval.

**II.**

**LEGAL PREDICATES FOR ASSUMPTION AND**
**ASSIGNMENT OF THE MELROSE LEASE.**

With respect to assumption of the Melrose Lease, Section 365(a) of the Bankruptcy Code provides that Debtor "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an unexpired lease is a matter within the "business judgment" of Debtor. *In re G.I. Indus., Inc.*, 204 F.3d 1276, 1282 (9th Cir. 2000). Pursuant to 11 U.S.C. § 365(b)(1)(a), any amounts due under the unexpired lease being assumed must be cured at the time of its assumption.

With respect to assignment of the Melrose Lease, Bankruptcy Code § 365(f)(2) provides, in pertinent part, that:

> The trustee [or debtor] may assign an executory contract or unexpired lease of the debtor only
> if --
> (A) the trustee [or debtor] assumes such contract or lease in accordance with the provisions of this section; and
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

**III.**

**ADEQUATE GROUNDS EXIST TO AUTHORIZE THE ASSUMPTION AND ASSIGNMENT OF THE MELROSE LEASE AND TO APPROVE THE STIPULATION.**

Debtor believes that the proposed assumption and assignment of the Melrose Lease is in the best interests of the bankruptcy estate and its creditors. The assumption and assignment of the Melrose Lease completes the disposition of all non-residential real property leases that existed on the Petition Date, and is a logical part of the overall sale of assets and assignment of leases to the Buyer as approved in the Sale Order. Boonnark Decl., ¶ 6. Other than the Melrose Lease, all of the unexpired non-residential real property leases to which Debtor is a party have either been previously rejected or assumed or assigned. Boonnark Decl., ¶ 5. Moreover, the Stipulation provides that the Melrose Landlord has agreed that the Debtor does not need to pay any amount to cure any arrearages under the Melrose Lease in connection with its assumption, thereby satisfying 11 U.S.C. § 365(b)(1)(a). Stipulation ¶ 4. In addition, the parties to the stipulation agree that Buyer has provided adequate assurance of future performance as required under 11 U.S.C. § 365(f)(2). Stipulation ¶ 2.

**IV. DEBTOR REQUESTS THE COURT TO WAIVE THE FOURTEEN-DAY WAITING PERIOD OF BANKRUPTCY RULE 6006(d).**

Pursuant to Bankruptcy Rule 6006(d), unless the Court orders otherwise, all orders authorizing the assignment of contracts or unexpired leases are automatically stayed for fourteen (14) days after entry of the order. The purpose of Bankruptcy Rule 6006(d) is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6006(d).

Although Bankruptcy Rule 6006(d) and the Advisory Committee Notes are not instructive as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, commentators agree that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately where there has been no objection to the procedure. *See generally* 10 Collier on Bankruptcy ¶ 6004.09 (15th ed. 1999). Furthermore, if an objection is

filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time necessary to file such appeal. *Id.*

## V. CONCLUSION

Wherefore, Debtor respectfully requests that the Court enter an order:

1. Approving the Stipulation in its entirety;

2. Authorizing Debtor to assume and assign the Melrose Lease pursuant to 11 U.S.C. § 365;

3. Waiving the 10-day stay period set forth in Federal Bankruptcy Rule 6006(d); and

4. Granting such further relief as the Court deems just and proper.

Dated: August 22, 2025

LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.

By: ___*/s/ Daniel H. Reiss*___
DANIEL H. REISS
Attorneys for Chapter 11 Debtor and
Debtor in Possession

**DECLARATION OF MARK BOONARK**

I, Mark Boonnark, hereby declare as follows:

1. I serve as the chief executive officer of Healthy Spot Operating, LLC, the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"). I have personal knowledge of the facts set forth herein, and, if called as a witness, I would testify competently with respect thereto.

2. I have reviewed and am familiar with and am knowledgeable about the books and records of Debtor, which books and records are made in the regular practice of business, kept in the regular course of business, made by a person with knowledge of the events and information related thereto, and made at or near the time of events and information recorded. I make this declaration in support of the annexed Motion. Unless otherwise indicated, the capitalized terms herein shall have the same meaning herein as in the Motion.

3. On December 10, 2024, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

4. On July 31, 2025, this Court entered that certain *Order (1) Authorizing Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (2) Authorizing Assumption and Assignment of Certain Leases and Contracts* (the "Sale Order", which approved that certain Asset Purchase Agreement by and among Debtor, Pet Pros LLC and NPM Franchising, LLC, both Washington limited liability companies ("NPM," and together with Pet Pros LLC, the "Buyer"), annexed thereto as Exhibit A (the "APA") [Dkt. No. 205]. Among other things, the APA provided for the assumption and assignment of certain real property leases pursuant to 11 U.S.C. § 365, which were listed on Schedules A and B to the APA (the "Assumed and Assigned Leases").

5. Debtor is a party to a lease with Melrose Seward Holding Company, LLC ("Melrose Seward"), and Melrose Hudson Holding Company, LLC ("Melrose Hudson," and together with Melrose Steward, the "Melrose Landlord") with respect to the premises located at 6063 Melrose Ave Los Angeles CA 90038 (the "Melrose Lease"). The Melrose Lease was not

included among the Assumed and Assigned Leases. The Melrose Lease has not been rejected by Debtor, and it remains subject to assumption and assignment by Debtor under 11 U.S.C. § 365. All of the unexpired non-residential real property leases of the Debtor have either been rejected or previously assumed or assigned.

6. Pursuant to the stipulation annexed hereto as **Exhibit A** (the "Stipulation"), it has been agreed by Debtor, the Buyer and the Melrose Landlord, that Debtor shall assume and assign the Melrose Lease to Buyer effective on September 1, 2025 under the terms set forth in the Stipulation, subject to the Court's approval. Debtor believes that such assumption and assignment is in the best interests of the bankruptcy estate and its creditors as it completes the disposition of all non-residential real property leases that existed on the Petition Date, and is a logical part of the overall sale of assets and assignment of leases to the Buyer as approved in the Sale Order. Further, the Melrose Landlord has agreed that no cure amounts needs to be paid by the Debtor in connection with the assumption of the Melrose Lease.

7. As set forth in the Stipulation, the parties thereto agree that Buyer has provided adequate assurance of future performance under the Melrose Lease.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of August, 2025 in Los Angeles, California.

______________________________
MARK BOONNARK

# EXHIBIT A

DANIEL H. REISS (SBN 150573)
LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dhr@lnbyg.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>HEALTHY SPOT OPERATING, LLC,<br><br>Debtor and Debtor in Possession. | Case No.: 2:24-bk-20065-DS<br><br>Chapter 11 Case<br><br>**STIPULATION BY AND AMONG THE DEBTOR, MELROSE HUDSON HOLDING COMPANY, LLC, MELROSE SEWARD HOLDING COMPANY, LLC, PET PROS, LLC, AND NPM FRANCHISING, LLC ASSUMPTION AND ASSIGNMENT OF REAL PROPERTY LEASE** |

Healthy Spot Operating, LLC ("Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the "Chapter 11 Case"), Pet Pros, LLC ("Pet Pros"), and NPM Franchising, LLC ("NPM," and together with Pet Pros, the "Buyer"), Melrose Seward Holding Company, LLC ) ("Melrose Seward") and Melrose Hudson Holding Company, LLC ("Melrose Hudson," and together with Melrose Steward, the "Melrose Landlord") (Melrose Landlord and, collectively with Debtor and Buyer, the "Parties"), by and through their undersigned counsel, hereby enter into this stipulation ("Stipulation"), pursuant to which the Parties stipulate and agree as follows:

**RECITALS**

A. On December 10, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

B. On July 31, 2025, this Court entered that certain *Order (1) Authorizing Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (2) Authorizing Assumption and Assignment of Certain Leases and Contracts* (the "Sale Order", which approved that certain Asset Purchase Agreement, annexed thereto as Exhibit A (the "APA"). Among other things, the APA provided for the assumption and assignment of certain real property leases pursuant to 11 U.S.C. § 365, which were listed on Schedules A and B to the APA (the "Assumed and Assigned Leases").

C. Debtor is a party to a lease with the Melrose Landlord with respect to the premises located at 6063 Melrose Ave Los Angeles CA 90038 (the "Melrose Lease"). The Melrose Lease was not included among the Assumed and Assigned Leases. The Melrose Lease has not been rejected by Debtor, and it remains subject to assumption and assignment by Debtor under 11 U.S.C. § 365.

D. It has been agreed by the Parties, that Debtor shall assume and assign the Melrose Lease to Buyer under the terms set forth herein.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties, as follows:

1. Subject to entry of an order of the above-entitled Court approving this Stipulation, the Debtor is authorized in accordance with 11 U.S.C. Code §§ 105(a) and 365 to assume and assign the Melrose Lease to the Buyer free and clear of any and all liens, claims, encumbrances, or other interests, and to execute and deliver to the Buyer such documents or other instruments as may be reasonably necessary to assign and transfer the Melrose Lease.

2. Buyer is deemed to have provided "adequate assurance of future performance" as required by 11 U.S.C. § 365 to the Melrose Landlord.

3. By entry of an order approving this Stipulation, the Melrose Lease will be deemed to be assumed and assigned effective September 1, 2025 (the "Effective Date"). Buyer shall be obligated to perform under the terms and conditions of the Melrose Lease as of the Effective Date.

4. There shall be no amounts due, owing or to be paid by Debtor or Buyer in connection with any cure requirement under 11 U.S.C. § 365, with respect to the assumption and assignment of the Melrose Lease as provided herein, and any claim held by the Melrose Landlord against the Debtor for the period prior to the Effective Date is hereby waived.

**IT IS SO STIPULATED.**

DATED: August 22, 2025

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK LLP

*Daniel H. Reiss*
DANIEL H. REISS
*Attorneys for Healthy Spot Operating, LLC*

DATED: August __, 2025

KOGAN LAW FIRM, APC

MICHAEL S. KOGAN
*Attorneys for Melrose Landlord*

DATED: August __, 2025

BUSH KORNFELD LLP

ARMAND J. KORNFELD
RICHARD B. KEETON
*Attorneys for Pet Pros, LLC and NPM Franchising, LLC*

2. Buyer is deemed to have provided "adequate assurance of future performance" as required by 11 U.S.C. § 365 to the Melrose Landlord.

3. By entry of an order approving this Stipulation, the Melrose Lease will be deemed to be assumed and assigned effective September 1, 2025 (the "Effective Date"). Buyer shall be obligated to perform under the terms and conditions of the Melrose Lease as of the Effective Date.

4. There shall be no amounts due, owing or to be paid by Debtor or Buyer in connection with any cure requirement under 11 U.S.C. § 365, with respect to the assumption and assignment of the Melrose Lease as provided herein, and any claim held by the Melrose Landlord against the Debtor for the period prior to the Effective Date is hereby waived.

**IT IS SO STIPULATED.**

DATED: August __, 2025

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK LLP

DANIEL H. REISS
*Attorneys for Healthy Spot Operating, LLC*

DATED: August __, 2025

KOGAN LAW FIRM, APC

MICHAEL S. KOGAN
*Attorneys for Melrose Landlord.*

DATED: August 20, 2025

BUSH KORNFELD LLP

ARMAND J. KORNFELD
RICHARD B. KEETON
*Attorneys for Pet Pros, LLC and NPM Franchising, LLC*

2. Buyer is deemed to have provided "adequate assurance of future performance" as required by 11 U.S.C. § 365 to the Melrose Landlord.

3. By entry of an order approving this Stipulation, the Melrose Lease will be deemed to be assumed and assigned effective September 1, 2025 (the "Effective Date"). Buyer shall be obligated to perform under the terms and conditions of the Melrose Lease as of the Effective Date.

4. There shall be no amounts due, owing or to be paid by Debtor or Buyer in connection with any cure requirement under 11 U.S.C. § 365, with respect to the assumption and assignment of the Melrose Lease as provided herein, and any claim held by the Melrose Landlord against the Debtor for the period prior to the Effective Date is hereby waived.

**IT IS SO STIPULATED.**

DATED: August __, 2025

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK LLP

______________________________
DANIEL H. REISS
*Attorneys for Healthy Spot Operating, LLC*

DATED: August 20, 2025

KOGAN LAW FIRM, APC

______________________________
MICHAEL S. KOGAN
*Attorneys for Melrose Landlord*

DATED: August __, 2025

BUSH KORNFELD LLP

______________________________
ARMAND J. KORNFELD
RICHARD B. KEETON
*Attorneys for Pet Pros, LLC and NPM Franchising, LLC*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A True And Correct Copy Of The Foregoing Document **Debtor's Notice Of Motion And Motion For Order Approving Stipulation Authorizing Assumption And Assignment Of Non-Residential Real Property Lease; Memorandum Of Points And Authorities; Declaration Of Mark Boonnark** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 22, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jonathan Arias bknotices@zwickerpc.com
- Todd M Arnold tma@lnbyg.com
- Jamie Altman Buggy jbuggy@harvestllp.com, jkeatingwolk@harvestllp.com,atenreiro@harvestllp.com
- Robert Carrasco rmc@lnbyg.com, rmc@lnbyg.com
- Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- Ivo Keller ikeller@sflaw.com, calendar@sflaw.com
- Sweeney Kelly kelly@ksgklaw.com
- Elizabeth S Lynch blynch@chinnery.com
- Noreen A Madoyan Noreen.Madoyan@usdoj.gov
- Stephen Malkiewicz stephen.malkiewicz@cintas.com
- David L. Neale dln@lnbyg.com
- Jean Pierre Nogues jpn@msk.com
- Dean G Rallis drallis@hahnlawyers.com, jevans@hahnlawyers.com;drallis@ecf.courtdrive.com;jevans@ecf.courtdrive.com
- Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- Abe G Salen asalen@wzllp.com, kmartin@wzllp.com,ddouglas@wzllp.com,akaderbarek@wzllp.com
- Daren M Schlecter daren@schlecterlaw.com, assistant@schlecterlaw.com
- Gary A Starre gastarre@gmail.com, mmoonniiee@gmail.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **August 22, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Michael S. Kogan
KOGAN LAW FIRM, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064

☐ Service list attached

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 22, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 22, 2025 | Vanina Ivanova | */s/ Vanina Ivanova* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |