DANIEL H. REISS (SBN 150573)
LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dhr@lnbyg.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>HEALTHY SPOT OPERATING, LLC,<br><br>Debtor and Debtor in Possession. | Case No.: 2:24-bk-20065-DS<br><br>Chapter 11<br><br>**DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND GRANTING RELATED RELIEF; DECLARATION OF MARK BOONNARK IN SUPPORT THEREOF**<br><br><u>Hearing</u>:<br>DATE: March 24, 2026<br>TIME: 1:00 p.m.<br>PLACE: Courtroom 1639<br>255 East Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE:**

Health Spot Operating, LLC, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), hereby moves this Court pursuant to sections 105(a), 305(a), 349, and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 1017 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 1017-2(e) of the Local Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"), for entry of an order substantially in the form attached hereto as **Exhibit "B"** (the "Proposed Order"), (1) dismissing this chapter 11 case; (2) authorizing, but not directing, the Debtor to abandon and destroy all of its books and records in connection with its wind down; (3) authorizing and directing the payment of administrative claims filed in this case listed on **Exhibit "A"**; and (4) granting related relief. In support of this Motion, the Debtor submits the annexed Motion of Points and Authorities and the Declaration of Mark Boonnark.

Dated: March 3, 2026 HEALTHY SPOT OPERATING, LLC

By: ___*/s/ Daniel H. Reiss*___
DANIEL H. REISS
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
Attorneys for Chapter 11 Debtor and Debtor in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

The Debtor commenced its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code, section 101 *et seq.* (the "Bankruptcy Code") on December 10, 2024 (the "Petition Date").

As of the Petition Date, the Debtor was a comprehensive pet care retail business which had a network of 20 retail stores in premier locations across Southern and Northern California, as well as a growing e-commerce channel. Debtor's focus was on fostering healthy pet lifestyles. Each of Debtor's stores provided a suite of best-in-class services, including pet grooming, daycare, nutrition consulting, dental cleaning and dog training classes, aiming to cater to the complete spectrum of client needs in pet care. Debtor specialized in a curated offering of pet care products, including an extensive selection of wholesome and organic food options, environmentally-friendly toys, treats, training aids, grooming supplies, and its private label offering, Mind Body Bowl. Debtor established itself as a benchmark brand for pet services and retail, and is able to command industry leading average purchase per customer, basket size, margins, and customer loyalty by leveraging the synergy of daily need services and consumables like grooming and pet food.

Along with the retail locations, Debtor also developed a growing direct-to-consumer ecommerce and wholesale business with its private label brand Mind Body Bowl, which spoke to the same holistic approach to pet health and care embodied in the stores. Mind Body Bowl was on shelf in 400+ grocery stores including Erewhon, Gelsons, and Bristol Farms. This served to further monetize the brand as well as extend the brand reach geographically and demographically. Gross annual sales were approximately $41 million, and Debtor had approximately 300 employees.

**B. Debtor's Post-Petition Activities and Operations.**

As reflected in the Court record, this bankruptcy case was precipitated by the acts of one or more purported secured creditors that caused a nearly complete cessation of Debtor's cash flows.[1] One purported secured creditor, Instafunding LLC aka TVT SPVL ("Instafunding") filed an alleged "confession of judgment" in Utah State court on December 3, 2024, and immediately took steps to enforce such judgment aggressively, even prior to its entry by the Utah State Court. In addition, Instafunding sent a notice of its purported lien to Debtor's merchant credit card processor TSYS Merchant Solutions, LLC dba Global Payments on or about December 3 or 4, 2024. This notice of lien caused all of Debtor's cash flow from credit card purchases to cease. This was devastating to Debtor's operations as in excess of 95% of its operating revenues come from its credit card sales. Therefore, Debtor was placed in the difficult position of having to file an emergency bankruptcy petition as the holiday season was already underway.

Debtor's post-petition efforts aimed at stabilizing the company's operations and remain as a going concern despite the challenges of this chapter 11 bankruptcy, unexpected events such as last year's Los Angeles fires, and competitive business environment. Unfortunately, despite Debtor's best efforts, Debtor began experiencing significant negative operating cash flows and its ability to remain a going concern was doubtful. Therefore, Debtor determined that a sale of its operating assets as a going concern would be in the best interests of creditors and other parties in interest.

On July 31, 2025, this Court entered its *Order (1) Authorizing Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (2) Authorizing Assumption and Assignment of Certain Leases and Contracts* (the "Sale Order") which approved the sale of substantially all of Debtor's assets (the "Sale") pursuant to that certain Asset Purchase Agreement among the Debtor, Pet Pros LLC and NPM Franchising, LLC (collectively, the "Buyer").

---

[1] A detailed background of Debtor and the reasons for this bankruptcy case is set forth in the Omnibus Declaration of Mark Boonnark in Support of Emergency Motions filed on December 11, 2024 (Dkt. No. 9).

The Sale closed effective August 22, 2025, and the net proceeds of the Sale were deposited into the Debtor's debtor-in-possession bank account. The total balance of funds currently held in the Debtor's debtor in possession accounts is approximately $599,000 (the "Remaining Funds"). Debtor is no longer operating and has no source of additional revenues of any kind. Further, all of the Remaining Funds consist solely of proceeds from the Sale. Based on the Sale Order, there are no secured creditors that hold a lien in the Remaining Funds, which are free and clear of any liens, interests or encumbrances. See Sale Order, pg. 3, lns. 6 -12.

**C. Post-Closing Administration**

Despite the successful sale of the Debtor's assets, the Debtor has determined that the administrative priority claims under 11 U.S.C. § 503(b) would exceed the Remaining Funds. Therefore, Debtor filed a motion to establish a deadline by which § 503(b) administrative claims should be filed to permit an analysis of potential distributions from this bankruptcy estate, and determine the best and most efficient method of closing this case which maximizes distributions to administrative creditors. The Court granted that motion by order entered October 9, 2025 [Dkt. No. 227], and set an administrative claims bar date for 30 days after the service of notice of the bar date for claims to be filed. November 8, 2025 was established as the bar date. [Dkt. No. 228.] The Debtor has examined the administrative claims and has engaged in discussion, negotiations and research with respect to certain of such claims. Annexed hereto as Exhibit "A" is a schedule of the administrative claims filed in this case which the Debtor proposes to pay in a pro rata amount upon dismissal of this case. The Debtor has filed, or shall promptly file, applications for compensation and reimbursement of expenses for the professionals employed by the Debtor in this case.

By this Motion to Dismiss, the Debtor respectfully requests authority for Debtor to distribute the estate's funds on hand on a pro rata basis to administrative creditors in connection with the dismissal of this case. Mr. Boonnark, the Debtor's chief executive officer, shall be responsible for disbursing the Remaining Funds to administrative priority claimants on a pro rata basis.

## II.

## BASIS FOR RELIEF REQUESTED

### A. The Court Should Dismiss This Case and Authorize and Direct the Distribution of the Remaining Funds and Payment of Administrative Claims on a Pro Rata Basis.

#### 1. "Cause" Exists to Dismiss This Case Under Section 1112(b) of the Bankruptcy Code and the Debtor's Proposed Distribution Structure Comports With the Priority Structure of the Bankruptcy Code.

Section 1112(b) provides, in relevant part, as follows:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b).

Section 1112(b)(4) contains 16 examples of what constitutes "cause." The examples of "cause" for dismissal are not exclusive and "'[a] court may consider other factors as they arise and may 'use its equitable powers to reach an appropriate result in individual case.'" *In re Mechanical Maintenance, Inc.*, 128 B.R. 382, 386 (E.D. Pa. 1991) (*quoting* S.Rep No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5903); *see also* 11 U.S.C. § 102(3). One such ground is that the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

Here, cause exists to dismiss this chapter 11 case as the Debtor has sold substantially all of its assets and have ceased operations. Thus, there is no business to rehabilitate or asset to restructure around. Consequently, the Debtor believes that it makes no economic sense to

propose a liquidating plan, which would result in substantial fees which the Debtor do not have the resources to fund. Further, because the Debtor does not have sufficient funds to pay its administrative creditors, the Debtor cannot file a feasible chapter 11 plan. *See* 11 U.S.C. § 1129(a)(9)(all administrative creditors under Section 503(b) must be paid in full on the effective date of the plan).

Similarly, the Debtor believes conversion to Chapter 7 is not warranted since there are no remaining tasks for a Chapter 7 trustee other than distribution of funds (if any are available) to same list of administrative priority creditors. Plus the unavoidable incurrence of chapter 7 priority administrative expenses will unnecessarily dilute the already insufficient funds to pay chapter 11 administrative creditors. The Debtor respectfully submits that dismissal of this chapter 11 case is appropriate under these circumstances and the most efficient manner of completing the administration of this case.

The United States Supreme Court has recognized that such a dismissal is appropriate so long as the distributive provisions of the order recognize the priorities of distributions demanded by the Bankruptcy Code and as would be required under the provisions of Chapter 11. *See Czyzewski v. Jevic Holding Corp.,* 137 S. Ct. 973 (2017) ("recognizing that conditions may have changed in ways that make a perfect restoration of the status quo difficult or impossible, the Code permits the bankruptcy court, 'for cause,' to alter a Chapter 11 dismissal's ordinary restorative consequences.").

The Debtor submits that the proposed treatment of creditors proposed herein fully complies with the "basic system of priority" established by the Bankruptcy Code. *Id.* Specifically, administrative expense claims under section 503(b) of the Bankruptcy Code will be paid only a pro rata portion of the amount of its claims, and no other senior or junior claims are being paid. Remaining in bankruptcy would simply delay payment of the Debtor's administrative creditors, and add significant expense for the estates, which the Debtor is unable to fund. Based on the foregoing, the Debtor submits that there is no further purpose or benefit

that could be achieved by remaining in Chapter 11 or by converting the Chapter 11 Case to Chapter 7.

**2. Dismissal is in the Best Interests of the Debtor's Creditors and Estates.**

Once a court determines that "cause" exists to dismiss a debtor's chapter 11 case, the court must then evaluate whether dismissal is in the best interests of the debtor's creditors and the estate. *See, e.g.*, *Rollex Corp. v. Associated Materials, Inc. (In re Super. Siding & Window, Inc.)*, 14 F.3d 240, 242 (4th Cir. 1994) ("Once 'cause' is established, a court is required to consider this second question of whether to dismiss or convert."). This determination is committed to the court's broad discretion. *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities)*, 248 B.R. 368, 375 (9th Cir. BAP 2000); *In re Kimble*, 96 B.R. 305, 308 (Bankr. D. Mont. 1988). While a debtor's interests are not specifically included in the best interests equation, they must be considered to the extent the debtor's interests coincide with interests of the estate. *In re Staff Inv. Co.*, 146 B.R. 256, 261 (Bankr. E. D. Cal. 1992). In fact, a "[d]ebtor's request [to dismiss its Chapter 11 bankruptcy case] should ordinarily be granted unless some 'plain legal prejudice' will result to the creditors.'" *Kimble*, 96 B.R. at 308 (*quoting In re Geller*, 74 B.R. 685, 688-89 (Bankr. E.D. Pa. 1987) (*citing In re Hall*, 15 B.R. 913, 915-16 (9th Cir. BAP 1981)); *see In re International Airport Inn Partnership*, 517 F.2d 510, 512 (9th Cir. 1975). A variety of factors demonstrate that it is in the best interest of the Debtor's estate and its creditors to dismiss this chapter 11 case.

First, a dismissal of a chapter 11 bankruptcy case meets the "best interests of creditors" test where a debtor has nothing to reorganize and the debtor's primary assets are fixed and liquidated. *See Camden Ordinance Mfg. Co. of Ark., Inc. v. U.S. Trustee (In re Camden Ordinance Mfg. Co. of Ark, Inc.)*, 245 B.R. 794, 799 (E.D. Pa. 2000) (reorganization to salvage business which ceased business was unfeasible); *Royal Trust Bank, N.A. v. Brogdon Inv. Co. (In re Brogdon Inv. Co.)*, 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (court dismissed chapter 11 proceeding in part where there was "simply nothing to reorganize" and no reason to continue the reorganization). As explained above, the Debtor has nothing left to reorganize because

substantially all of its assets and operations have already been liquidated, its only assets- the Remaining Funds - are insufficient to even pay its administrative claims.

Second, courts have found that dismissal is in the "best interests of creditors" where an interested party, other than the debtor, supports the dismissal. *See Camden Ordinance*, 245 B.R. at 798; *In re Mazzocone*, 183 B.R. 402, 414 (Bankr. E.D. Pa. 1995), *aff'd,* 200 B.R. 568 (E.D. Pa. 1996) (finding that factors weighed more heavily in favor of dismissal of chapter 11 case rather than conversion to chapter 7, where debtor and U.S. Trustee both favored dismissal). Here, the Debtor anticipate that all parties in interest will support (or not oppose) dismissal.

Third, the "best interests of creditors test" is met where a debtor demonstrates the ability to oversee its own liquidation. *See Camden Ordinance,* 245 B.R. at 798; *Mazzocone,* 183 B.R. at 412 ("Only when a Chapter 11 debtor has no intention or ability to . . . perform its own liquidation . . . should a debtor not be permitted to remain in bankruptcy . . . ."). As described above, the Debtor has successfully sold all of its assets. Accordingly, the Debtor has demonstrated that it is capable of overseeing its own liquidation, to the extent this factor applies.

Fourth, and finally, dismissal is appropriate where, as here, it will maximize the value of the Debtor's estate because the alternative—conversion to Chapter 7 and appointment of a trustee—is (i) unnecessary and would provide no benefit to creditors and (ii) would impose significant additional administrative costs upon the Debtor's estate without any meaningful existing source of funds to satisfy such costs. Under the circumstances, a Chapter 7 trustee would have extremely limited funds, if any, to satisfy additional claims arising after conversion. As explained above, substantially all of the Debtor's assets have been sold. At this point, Debtor only has the Remaining Funds, which will be depleted whether the Debtor remains in chapter 11 or the case is converted to chapter 7.

By continuing in bankruptcy under Chapter 7 (or Chapter 11), the Debtor will merely incur additional administrative expenses that it would likely be unable pay to the further detriment of its administrative creditors. Thus, the Debtor submit that a dismissal pursuant to section 1112 of the Bankruptcy Code is in the best interests of the Debtor's estate and its

creditors. Therefore, in balancing the equities of this case, the Debtor submits that it is in the best interests of the estate and creditors to dismiss this chapter 11 case.

**3. Dismissal of this chapter 11 case is also Warranted Under Section 305(a) of the Bankruptcy Code.**

Cause also exists to dismiss this chapter 11 case pursuant to section 305(a) of the Bankruptcy Code. Section 305(a) of the Bankruptcy Code permits dismissal at any time "if the interests of creditors and the debtor would be better served by such dismissal." 11 U.S.C. § 305(a)(1). Dismissal under section 305(a) of the Bankruptcy Code is appropriate where the court finds that the interests of both the creditors and debtor would be better served by dismissal. *In re AMC Investors, LLC*, 406 B.R. 478, 487-88 (Bankr. D. Del. 2009). Whether dismissal is appropriate under section 305(a) is determined on a case-by-case basis and rests in the sound discretion of the bankruptcy court. *In re Sky Grp. Int'l, Inc*., 108 B.R. 86, 91 (Bankr. W.D. Pa. 1989). Many factors are considered when determining the best interests of creditors and the debtor, including (a) the economy and efficiency of administration, (b) whether federal proceedings are necessary to reach a just and equitable solution, (c) whether there is an alternative means of achieving an equitable distribution of assets, and (d) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement that better serves all interests in the case. *AMC Investors*, 406 B.R. at 488.

For the reasons previously set forth *supra*, dismissal of this chapter 11 case is in the best interests of *both* the Debtor and its creditors. Dismissal enables the Debtor to avoid unnecessary diminution in the remaining limited cash assets of the estate by continuing in the Chapter 11 process or converting the case to chapter 7.

**B. The Court Should Authorize the Debtor to Abandon and Destroy Its Books and Records.**

Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, [a debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Additionally, section 105(a)

of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *Id.* § 105(a). Bankruptcy Rule 6007, meanwhile, provides that a debtor may abandon property of the estate by giving notice of the proposed abandonment to various parties, and allowing those parties to file an objection. As one bankruptcy court has noted, "If a trustee feels an asset is of inconsequential value and benefit to the estate or that it is 'burdensome to the estate,' [she] may abandon it." *Reich v. Burke (In re Reich)*, 54 B.R. 995, 1003-04 (Bankr. E.D. Mich. 1985).

The Debtor requests that the Court authorize, but not direct, the Debtor to abandon and destroy any remaining unsold books and records (the "<u>Books and Records</u>") pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, and to make all payments necessary to effectuate such destruction. The Debtor no longer has an operating business and has largely wound down its affairs. A substantial portion of the Debtor's Books and Records were transferred to the Buyer pursuant to the asset purchase agreement and the related Sale Order. To the extent any books and records are retained, they will be of no value to the Debtor after dismissal of this chapter 11 case.

For these reasons, the Debtor submit that it should not be required to incur the potentially significant costs associated with maintaining and storing Books and Records that have no value to its estates. Accordingly, the Debtor seeks authority to abandon and destroy, as applicable and in the Debtor's sole discretion, any remaining unsold Books and Records.

**C. All Prior Releases, Stipulations, Settlements, Rulings, Orders and Judgments Should Remain Binding and Should Continue to Have Full Force and Effect.**

The Debtor requests that all orders of this Court entered in this chapter 11 remain in full force and effect and survive dismissal. Pursuant to section 349 of the Bankruptcy Code, the dismissal of a Chapter 11 case ordinarily vacates all orders previously entered by the bankruptcy court and restores all parties to the prepetition status quo. *See* 11 U.S.C. § 349(b). However, a bankruptcy court may "for cause, order[] otherwise" *Id*. "[T]his provision appears to be designed

to give courts the flexibility to 'make the appropriate order to protect rights acquired in reliance on the bankruptcy case.'" *Cyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017). Courts in this jurisdiction have regularly maintained the enforceability of orders, including those approving releases and settlements, after a dismissal, notwithstanding section 349 of the Bankruptcy Code.

The Debtor submits that cause exists to allow all orders, rulings, and settlements entered by the Court during this chapter 11 case to remain in full force, notwithstanding the dismissal of this case. The Debtor has been in chapter 11 for over a year and, during that period, the Debtor has sought and obtained this Court's approval for a number of transactions. Unless this Court orders otherwise, section 349 of the Bankruptcy Code could be deemed to unravel the effect of these orders, and all other substantive orders, entered by this Court in this case. By allowing all orders of this Court to remain in full force and effect and survive dismissal, the Court will protect the significant transactions that have occurred in this chapter 11 case and preserve the benefits and rights bestowed on the parties to those transactions.

**III.**

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court:

(1) grant the Motion in its entirety;

(2) authorize the payment of the administrative claims on Exhibit "A" hereto on a pro rata basis under the procedures set forth in the proposed form of order;

(3) enter the proposed form of order annexed hereto as Exhibit "B";

(4) grant such other and further relief as the Court deems just and proper.

Dated: March 3, 2026 HEALTHY SPOT OPERATING, LLC

By: *___/s/ Daniel H. Reiss_____________*
DANIEL H. REISS
LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.
Attorneys for Chapter 11 Debtor and Debtor in Possession

**DECLARATION OF MARK BOONNARK**

I, Mark Boonnark, declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto. I serve as the chief executive officer of Healthy Spot Operating, LLC, the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"). I have personal knowledge of the facts set forth herein, and, if called as a witness, I would testify competently with respect thereto.

2. The Debtor commenced its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code, section 101 *et seq.* (the "Bankruptcy Code") on December 10, 2024 (the "Petition Date").

3. As of the Petition Date, the Debtor was a comprehensive pet care retail business which had a network of 20 retail stores in premier locations across Southern and Northern California, as well as a growing e-commerce channel. Debtor's focus was on fostering healthy pet lifestyles. Each of Debtor's stores provided a suite of best-in-class services, including pet grooming, daycare, nutrition consulting, dental cleaning and dog training classes, aiming to cater to the complete spectrum of client needs in pet care. Debtor specialized in a curated offering of pet care products, including an extensive selection of wholesome and organic food options, environmentally-friendly toys, treats, training aids, grooming supplies, and its private label offering, Mind Body Bowl. Debtor established itself as a benchmark brand for pet services and retail, and is able to command industry leading average purchase per customer, basket size, margins, and customer loyalty by leveraging the synergy of daily need services and consumables like grooming and pet food.

4. Along with the retail locations, Debtor also developed a growing direct-to-consumer ecommerce and wholesale business with its private label brand Mind Body Bowl, which spoke to the same holistic approach to pet health and care embodied in the stores. Mind Body Bowl was on shelf in 400+ grocery stores including Erewhon, Gelsons, and Bristol Farms. This served to further monetize the brand as well as extend the brand reach geographically and

demographically. Gross annual sales were approximately $41 million, and Debtor had approximately 300 employees.

5. As reflected in the Court record, this bankruptcy case was precipitated by the acts of one or more purported secured creditors that caused a nearly complete cessation of Debtor's cash flows. One purported secured creditor, Instafunding LLC aka TVT SPVL ("Instafunding") filed an alleged "confession of judgment" in Utah State court on December 3, 2024, and immediately took steps to enforce such judgment aggressively, even prior to its entry by the Utah State Court. In addition, Instafunding sent a notice of its purported lien to Debtor's merchant credit card processor TSYS Merchant Solutions, LLC dba Global Payments on or about December 3 or 4, 2024. This notice of lien caused all of Debtor's cash flow from credit card purchases to cease. This was devastating to Debtor's operations as in excess of 95% of its operating revenues come from its credit card sales. Therefore, Debtor was placed in the difficult position of having to file an emergency bankruptcy petition as the holiday season was already underway.

6. Debtor's post-petition efforts aimed at stabilizing the company's operations and remain as a going concern despite the challenges of this chapter 11 bankruptcy, unexpected events such as last year's Los Angeles fires, and competitive business environment. Unfortunately, despite Debtor's best efforts, Debtor began experiencing significant negative operating cash flows and its ability to remain a going concern was doubtful. Therefore, Debtor determined that a sale of its operating assets as a going concern would be in the best interests of creditors and other parties in interest.

7. On July 31, 2025, this Court entered its *Order (1) Authorizing Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (2) Authorizing Assumption and Assignment of Certain Leases and Contracts* (the "Sale Order") which approved the sale of substantially all of Debtor's assets (the "Sale") pursuant to that certain Asset Purchase Agreement among the Debtor, Pet Pros LLC and NPM Franchising, LLC (collectively, the Buyer").

8. The Sale closed effective August 22, 2025, and the net proceeds of the Sale were deposited into the Debtor's debtor-in-possession bank account. The total balance of funds currently held in the Debtor's debtor in possession accounts is approximately $599,000 (the "Remaining Funds"). Debtor is no longer operating and has no source of additional revenues of any kind. Further, all of the Remaining Funds consist solely of proceeds from the Sale.

9. Despite the successful sale of the Debtor's assets, the Debtor has determined that the administrative priority claims in this case would exceed the Remaining Funds. Therefore, Debtor filed a motion to establish a deadline by which administrative claims should be filed to permit an analysis of potential distributions from this bankruptcy estate, and determine the best and most efficient method of closing this case which maximizes distributions to administrative creditors.

10. I am informed that the Court granted that motion and set an administrative claims bar date for 30 days after the service of notice of the bar date for claims to be filed. November 8, 2025 was established as the bar date. I and Debtor's counsel have examined the administrative claims, and counsel has engaged in discussion, negotiations and research with respect to certain of such claims. Annexed hereto as Exhibit "A" is a schedule of the administrative claims filed in this case which the Debtor proposes to pay in a pro rata amount upon dismissal of this case. The Debtor has filed, or shall promptly file, applications for compensation and reimbursement of expenses for the professionals employed by the Debtor in this case.

11. I shall be responsible for disbursing the Remaining Funds to administrative priority claimants on a pro rata basis.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of March, 2026 in Los Angeles, California.

MARK BOONNARK

# EXHIBIT "A"

**ADMINISTRATIVE CLAIMS**

| Name of Creditor | Claim/Dkt. No. | Date Claim Filed | Amount of Claim, as filed |
|---|---|---|---|
| California Dept. of Tax and Fee Administration | 50 | 2/26/2026 | $846,094.69 |
| Bennett, Leslie Ann | 54 | 10/23/2025 | $3,106.71 |
| Franchise Tax Board | 67 | 12/5/2025 | $855.86 |
| Bruce Dennis as Trustee of the Dennis Family Trust | 231 | 10/21/2025 | $21,693.10 |
| Ivy Station Residential LLC | 233 | 10/30/2025 | $70,808.26 |
| Retail Next, Inc. | 234 | 11/4/2025 | $6,352.77 |
| Oracle America, Inc. and Oracle Credit Corporation | 235 | 11/5/2025 | $125,720.07 |
| GKT Village at Topanga, L.L.C. | 236 | 11/7/2025 | $76,678.94 |
| One Thousand Grand Avenue Holdings, LLC | 237 | 11/7/2025 | $89,667.31 |
| Essex Portfolio, L.P. | 238 | 11/7/2025 | $17,403.32 |
| American Commercial Equities Three, LLC | 239 | 11/7/2025 | $10,116.06 |
| Levene, Neale, Bender, Yoo & Golubchik L.L.P. | | 3/4/24 | $440,208.67 |
| Fortis, LLC | | 3/4/24 | $540.00 |
| Sage Law Partners | | 3/4/24 | $12,824.20 |
| United States Trustee (ESTIMATED) | | | $140,000.00 |
| | | | |
| TOTAL ADMINISTRATIVE CLAIMS | | | $1,862,069.96 |
| | | | |
| | | | |

# EXHIBIT "B"

DANIEL H. REISS (SBN 150573)
LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dhr@lnbyg.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>HEALTHY SPOT OPERATING, LLC,<br><br>Debtor and Debtor in Possession. | Case No.: 2:24-bk-20065-DS<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE**<br><br>Hearing:<br>DATE: March 24, 2026<br>TIME: 1:00 p.m.<br>PLACE: Courtroom 1639<br>255 East Temple Street<br>Los Angeles, CA 90012 |

Upon the *Debtor's Motion for Entry of an Order Dismissing Chapter 11 Case and Related Relief* (the "Motion") filed by Healthy Spot Operating, LLC (the "Debtor"),[2] the Court having jurisdiction to consider the Motion, the annexed Memorandum of Points and Authorities, the Declaration of Mark Boonnark, the record in this case, finding notice to be sufficient under the circumstances; and it appearing that no other or further notice is necessary; and the Court having determined that just cause exists for the relief granted herein,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Pursuant to section 1112(b) of the Bankruptcy Code, this chapter 11 case is dismissed effective as of the date of entry of this order.

3. The Debtor shall file with the Court a notice no later than thirty (30) days of the entry of this Order the exact amount that the Debtor shall pay to the holder of each of the administrative claims on Exhibit "A" to the Motion on a pro rata basis from the Remaining Funds (the "Payment Notice"). The Payment Notice shall be filed and served on the Office of the United States Trustee and all holders of administrative claims listed on Exhibit "A". Notice shall be given that objections are due no later than 14 days following the filing and service of the Notice of Payment. If no objection to the Payment Notice is timely filed and served, the Debtor shall file a declaration of no objection, and lodge an order with the Court approving such Payment Notice without need for further hearing. If an objection to the Payment Notice is received, the Debtor shall set such objection for hearing.

4. All payments made pursuant to the Motion and this Order, and such other further orders following the filing of the Payment Notice, shall be in full satisfaction of such claims against the Debtor and Debtor's estate, and shall not create or imply any personal liability of any officer, manager, or representative of the Debtor.

---

[2] All capitalized terms not defined in this Order shall have the same meaning as in the Motion.

5. Absent gross negligence, the Debtor's officers or employees shall not have any liability to any person or entity for actions taken in good faith in connection with the dismissal of this bankruptcy case and distribution of the Remaining Funds pursuant to this Order.

6. The Court retains jurisdiction to hear final fee applications of professionals employed by the Debtor's estate and any other proceeding with respect to the allowance, amount and payment of any administrative claim, to the extent not heard or determined prior to the entry of this Order.

7. Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, and judgments of this Court made in any of this chapter 11 case shall remain in full force and effect, shall be unaffected by the dismissal of this chapter 11 case, and are specifically preserved for purposes of finality of judgment and *res judicata* unless expressly amended or overruled by a subsequent stipulation, settlement, order or judgment of this Court, as applicable.

8. Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, to the extent not previously authorized, the Debtor is authorized, but not directed, to abandon or destroy, or cause to be abandoned or destroyed, any and all of the remaining unsold Books and Records; provided, however, that any documents containing personally identifiable information must be shredded or otherwise destroyed.

9. The Debtor is hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation, interpretation or enforcement of this or any other Order of this Court entered in this chapter 11 case.

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled **DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE AND GRANTING RELATED RELIEF; DECLARATION OF MARK BOONNARK IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 3, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jonathan Arias bknotices@zwickerpc.com
- Jamie Altman Buggy jbuggy@harvestllp.com, jkeatingwolk@harvestllp.com,atenreiro@harvestllp.com
- Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- Ivo Keller ikeller@sflaw.com, calendar@sflaw.com
- Sweeney Kelly kelly@ksgklaw.com
- John Klusman jklusman@mgmlaw.com
- Michael S Kogan mkogan@koganlawfirm.com
- Elizabeth S Lynch blynch@chinnery.com
- Noreen A Madoyan Noreen.Madoyan@usdoj.gov
- Stephen Malkiewicz stephen.malkiewicz@cintas.com
- Jean Pierre Nogues jpn@msk.com
- Dean G Rallis drallis@hahnlawyers.com, jevans@hahnlawyers.com;drallis@ecf.courtdrive.com;jevans@ecf.courtdrive.com
- Abe G Salen asalen@wzllp.com, kmartin@wzllp.com,ddouglas@wzllp.com,akaderbarek@wzllp.com
- Daren M Schlecter daren@schlecterlaw.com, assistant@schlecterlaw.com
- Gary A Starre gastarre@gmail.com, mmoonniiee@gmail.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **March 3, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 3, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 3, 2026 | D. Woo | */s/ D. Woo* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

Label Matrix for local noticing
0973-2
Case 2:24-bk-20065-DS
Central District of California
Los Angeles
Tue Mar 3 09:45:49 PST 2026

American Commercial Equities Three LLC
22917 Pacific Coast Highway, Suite 310
Malibu, CA 90265-4990

American Express National Bank, c/o Zwicker
Zwicker & Associates, P.C.
80 Minuteman Road
P.O. Box 9043
Andover, MA 01810-0943

Argo Partners
12 West 37th Street, 9th Floor
New York, NY 10018-7381

Essex Portfolio, L.P.
1100 PARK PLACE
STE 200
SAN MATEO, CA 94403-7107

Healthy Spot Operating LLC
1831 West 208th Street
Torrance, CA 90501-1808

Ivy Station Residential LLC
c/o Shartsis Friese LLP
425 Market Street, 11th Floor
San Francisco, CA 94105-2532

Kogan Law Firm, APC
Kogan Law Firm, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles,, CA 90064-1525

Levene, Neale, Bender, Yoo & Golubchik LLP
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Oracle America, Inc.
Buchalter LLP
c/o Shawn M. Christianson, Esq.
425 Market St., Suite 2900
San Francisco, CA 94105-2491

RetailNext, Inc.
c/o Law Office of Daren M. Schlecter
10866 Wilshire Blvd. #1270
Los Angeles, CA 90024-4350

Sepulveda Blvd. Properties, LLC, a Californi
c/o Liddle & Liddle, APC
310 S. Vermont Ave.
Glendora, CA 91741-6201

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

1000 Grand Ave Holdings LLC
ATTN: Property manager
1000 S. Grand Avenue
Los Angeles, CA 90015-1447

614 E COL Properties LLC
2834 West Imperial Highway
Inglewood, CA 90303-3112

8126 Beverly Properties, LLC
2834 W Imperial Highway
Inglewood, CA 90303-3112

8525 Santa Monica Blvd LLC
710 North Oakhurst Drive
Beverly Hills, CA 90210-3533

A Purposeful Rescue
1122 Carmona Avenue
Los Angeles, CA 90019-2565

ACH Capital West, LLC
8791 South Redwood Road Suite 200
West Jordan, UT 84088-5724

Accutancy Solutions LLC
8 The Green
Ste. R
Dover, DE 19901-3618

Alexander Nagy
12424 Wagner Street
Los Angeles, CA 90066-6826

Allen C. Dennis
Allen C. Dennis
9811
Chatsworth, CA 91311

Amanda Li
1911 Avinger Dr
Rosemead CA 91770-3980

American City Pest & Termite
614 W. 184th Street
Gardena, CA 90248-4203

American Commercial Equities Three, LLC
American Commercial Equities Three
TIN #03-0590579
22917 Pacific Coast Hwy, Ste. 300
Malibu, CA 90265-6415

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

American Express National Bank, AENB
c/o Zwicker and Associates, P.C.
Attorneys/Agents for Creditor
P.O. Box 9043
Andover, MA 01810-0943

Andrew Kim
Law Office of Frank Ruggier
15545 Devonshire St., Ste. 110
Mission Hills, CA 91345-2686

Animal Supply Company
PO Box 201016
Dallas, TX 75320-1016

Argo Partners
12 West 37th Street, Ste 900
New York, NY 10018-7381

Artvark Pet Products
15071 Keswick Street
Van Nuys, CA 91405-1133

BNG Miracle Pet LLC
2425 W. Dorothy Lane
Dayton, OH 45439-1827

Bel Air Internet, LLC
15301 Ventura Blvd. Bldg. D
Suite 250
Sherman Oaks, CA 91403-6603

Berkeley Humane
2700 Ninth Street
Berkeley, CA 94710-2606

Bethany Janelle-Rose MacInnes
4461 Pacific Coast Highway #C203
Torrance CA 90505-5621

Bethany Maclnnes
4461 Pacific Coast Highway #C203
Torrance CA 90505-5621

Bryan Eric Huitron
10121 Condon Ave
Ingelwood CA 90304-1438

CSC
P.O. Box 7410023
Chicago, IL 60674-5023

California Dept. of Tax and Fee Administrati
Collection Support Bureau, MIC: 29
PO Box 942879
Sacramento, CA 94279-0029

California Dept. of Tax and Fee Administrati
Collections Support Bureau, MIC: 29
PO Box 942879
Sacramento, CA  94279-0029

Capstone Law APC
1875 Century Park East
Suite 1000
Los Angeles, CA 90067-2533

Celigo, Inc.
P.O. Box 735755
Chicago, IL 60673-5755

Century City Mall, LLC
7950 Collection Center DR.
Chicago, IL 60693-0079

Chelsey Bremer
5931 Reseda Blvd, Apt 125
Tarzana, CA 91356-1524

Cintas Corporation No. 2
c/o Steve Malkiewicz, Bankruptcy Counsel
6800 Cintas Blvd
Mason, OH 45040-9151

Clark David Woodford
Clark Woodford
228 Huddle Springs Way
Palm Springs CA 92264-0656

Clearmind Technology, Inc.
3303 Wilshire Blvd
Suite 1225
Los Angeles, CA 90010-1785

Cushman & Wakefield U.S., Inc.
900 Wilshire Blvd.
Los Angeles, CA 90017-4790

Dallas Lyn Dunn
413 W Caron Street
Phoenix, AZ 85021-3522

Dandylion
375 Princess Ave
Toronto, ON M2N 3S7, OH 09876

Diana Chin and Rabert Chin, Trustees
246 W. Shaw Avenue
Fresno, CA 93704-2644

Diggs, Inc
1701 Landmark Road
San Diego, CA 92154-6758

Diggs, Inc.
733 Third Ave
15th Floor
New York, NY 10017-3293

Digital Marketing Consulting Group
57 Chandler Street
Unit A
Boston, MA 02116-6206

Digital Mktg Consulting Group
57 Chandler Street
Unit A
Boston, MA 02116-6206

Doordash G&C LLC
303 2ND STREET SOUTH TOWER 800
SAN FRANCISCO, CA 94107-1366

ECS Janitorial Services, Inc.
901 East 65th Street
Inglewood, CA 90302-1703

East of June, LLC
Stafford Commercial Real Estate
8900 Melrose Ave., Suite 201
West Hollywood, CA 90069-5616

Employment Development Department
Bankruptcy Group MIC 92E, PO BOX 826880
Sacramento, CA 95814

Essex Portfolio, L.P.
MB360 Retail
PO BOX 209441
Austin, TX 78720-9281

Eva Tambito Espinoza
2680 Macarthur Avenue
San Pablo, CA 94806-2824

Evermore Pet Food, Inc
5055 New York 213
Olivebridge, NY 12461

Fdm Business Development
PO Box 744886
Atlanta, GA 30374-4886

Firstlight Foods USA Inc.
5042 Wilshire Boulevard
Los Angeles, CA 90036-4305

Fisher & Phillips LLP
1200 Abernathy Road, Suite 950
Atlanta, GA 30328-5674

Force 10 Partners
5271 California Avenue Suite 270
Irvine, CA 92617-3222

Forte Animal Rescue
Forte Animal Rescue
PO Box 10085
Marina del Rey, CA 90295-6085

Fortis LLP
611 Anton Blvd Suite 1050
Costa Mesa, CA 92626-7053

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

GKT Village at Topanga, L.L.C.
c/o Manning Gross + Massenburg LLP
Attn: David Primack
125 High Street, Oliver Street Tower, 6t
Boston, MA 02110

Giammarco & Associates, Inc
15 PO BOX
Woodland Hills, CA 91365-0015

Grandma Lucy's
30432 Esperanza
Rancho Santa Margarita, CA 92688-2144

Greg Garfield
18653 Ventura Boulevard
#368
Los Angeles, CA 91356-4103

Groomers Friend LLC
8502 East Chapman Avenue
Suite 358
Orange, CA 92869-2461

I Stand With My Pack
10736 Jefferson Boulevard
#273
Culver City, CA 90230-4933

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILA PA 19101-7346

Independent Pet Supply
10646 Bloomfield Avenue
Santa Fe Springs, CA 90670-3912

Insta Funding LLC
2999 NE 191st St, #500
Miami, FL 33180-3384

Instafunding LLC aka TVT SPVL
c/o Sweeney & Kelble APC
515 S. Flower St., 18th Floor
Los Angeles, CA 90071-2201

Ivy Station Residential LLC
1999 Avenue of the Stars, Suite 3425
Los Angeles, CA 90067-4657
Attn: Legal Dept. Ivy Station

Ivy Station Residential LLC
Shartsis Friese LLP, Attn: Ivo Keller
425 Market St, 11th Fl
San Francisco, CA 94105-2532

Jackson Lewis PC
1133 Westchester Ave
Suite S125
West Harrison NY 10604-3580

Jax & Bones
345 Cloverleaf Dr
Suite A
Baldwin, CA 91706-6502

Jennifer Kiyoko Honda
5674 Windsor Way Unit 104
Culver City CA 90230-6753

Joe Johnson
14414 U.S. Highway 87 West
Ste. 3C #318
La Vernia, TX 78121-5947

Juan Carlos Cisneros
4047 Lincoln Avenue
Oakland CA 94602-2475

K9 Grillz
Chris Thomas
13900 Marquesas Way #4410
Marina del Rey, CA 90292-6062

KB Properties
PO Box 2248
Mill Valley, CA 94942-2248

Kaiser Permanente
New York, NY 10001

Kaitlin MacDonald
3925 Freshwind Circle
Westlake Village, CA 91361-3804

Karla Kihn
410 Hauser Boulevard
7J
Los Angeles, CA 90036-5548

Karma Cat Inc
6565 Spring Brook Ave
Suite 8
Rhinebeck, NY 12572-3726

Kent Burton
Peter Mow
225 S. Sepulveda Blvd.
Manhattan Beach, CA 90266-6825

Koenig Family Properties
35363 Hwy AA
Lebanon, MO 65536

Lambwolf Collective
20 Jay Street
Room 500
Brooklyn, NY 11201-8324

Leslie Ann Bennett
14331 Reis Street
Whittier, CA 90604-1753

Los Angeles LGBT Center
1118 North McCadden Place
Los Angeles, CA 90038-1213

MSQ, LLC
MSQ, LLC
Sepulveda Blvd
Los Angeles, CA 91411

Mamo LBMP Investors I LLC
c/o Kutak Rock LLP
Attn: Christopher G. Varallo
510 W. Riverside Ave., #800
Spokane, WA 99201-0506

Maplebear Inc
PO BOX 103272
Pasadena, CA 91189-0163

Margarita R.D Cleaning
5200 Coe Avenue
Apt 2012
Seaside, CA 93955-6911

Michael Arizola
101 RAINBOW DR
#7187
Livingston, TX 77399-9301

Michael Arizola
2443 Fillmore St 380-7349
San Francisco, CA 94115-1814

Michael Charles Titus
246 W. Shaw Avenue
Fresno, CA, CA 93704-2644

Michael Quagletti Trust
2300 Greenfield Avenue
Los Angeles, CA 90064-1908

Moment Screen Printing
Moment
2918 Denby Ave.
Los Angeles, CA 90039-3420

Monolith
1235 North Ogden Drive
#1
West Hollywood, CA 90046-4784

Mor Air Inc
11661 Saticoy St
North Hollywood, CA 91605-2945

Mor Air, Inc.
11551 Saticoy Street
North Hollywood, CA 91605-2935

Muttville Senior Dog Rescue
750 Florida Street
San Francisco, CA 94110-2026

Natural Dog Company
4444 South Boulevard
Charlotte, NC 28209-2673

Newco
9060 Rochester Avenue
Rancho Cucamonga, CA 91730-5522

Niclas A. Ferland
Barclay Damon, LLP
545 Long Wharf Drive, 9th Floor
New Haven, CT 06511-5960

Niclas Ferland
Barclay Damon, LLP
555 Long Wharf Drive, 13th Floor
New Haven, CT 06511-6104

NorCal Sled Dog Rescue
P.O. Box 30877
Walnut Creek, CA 94598-7877

Odecloud Inc.
2291 Stockton Street
4361
San Francisco, CA 94133-1524

One Thousand Grand Avenue Holdings, LLC
Thomas F. Murphy, Esq.
5335 Wisconsin Avenue, NW
Suite 600
Washington, DC 20015-2054

Oracle America, Inc. (Crowdtwist)
Oracle America, Inc.
P.O. Box 203448
Dallas, TX 75320-3448

Oracle Credit Corp. & Oracle America, Inc.
SII to NetSuite, Inc. & CrowdTwist
c/o Shawn M. Christianson, Esq.
Buchalter PC
425 Market St., Suite 2900
San Francisco, CA 94105-2491

(p)PACIFIC GAS & ELECTRIC COMPANY
PO BOX 8329
STOCKTON CA 95208-0329

Pacific Western Container
4044 West Garry Avenue
Santa Ana, CA 92704-6300

Paws of L.A. Rescue
C. Rodriguez, Exec. Director
4500 Via Marina, #110
Marina del Rey, CA 90292-7215

Peace of Mind Dog Rescue
615 Forest Avenue
Pacific Grove, CA 93950-4203

Perkins Coi LLP
1201 3rd Ave
Suite 4900
Seattle, WA 98101-3095

Pet Food Experts
175 Main Street
Pawtucket, RI 02860-4127

Pet Pros, LLC & NPM Franchising, LLC
Bush Kornfeld LLP
Attn: Richard Keeton
601 Union St Suite 5000
Seattle, WA 98101-2373

Petipet
1332 N Halsted St
Suite 405
Chicago, IL 60642-2624

Phillips Pet Food Supplies
3747 Hecktown Road
Easton, PA 18045-2350

Pidan
16192 Coastal Highway
Lewes, DE 19958-3608

Primal Pet Foods
801 Chadbourne Rd. Ste 103.
Fairfield, CA 94534-4189

Prime Graphix Inc.
Prime Graphix Inc.
4818 Hallowell Ave.
Temple City, CA 91780-3456

Prime Refrigeration Systems, Inc
5860 Central Ave, Unit 110
Riverside, CA 92504-2007

Project Hive
2400 Cedar Shore Drive
Minneapolis, MN 55416-3818

Pure Dog Food
5741 Buckingham Pkwy. Unit D
Culver City, CA 90230-6520

Radbert Chin & Diana Chin
C/O Manco Abbott Inc
P.O. Box 9440
Fresno, CA 93792-9440

Raw Advantage Processing
12264 Silver Falls Hwy SE
12264 Silver Falls HWY SE
Aumsville, OR 97325-9535

Raw Advantage Processing, LLC
c/o David D. Farrell, THOMPSON COBURN LL
One US Bank Plaza, Suite 2700
505 N. Seventh Street
Saint Louis, MO 63101-1612

Red Security Group LLC
2213 Artesia Boulevard
Redondo Beach, CA 90278-3111

RetailNext
60 South Market Street, 10th Floor
San Jose, CA 95113-2351

RetailNext, Inc.
c/o Amy Lund
307 Orchard City Cr #100
Campbell, CA 95008-2948

Reva Choi
110 Jagla Street
Cotati, CA 94931-5407

Roadogs & Rescue
25131 Narbonne Ave 489
Lomita, CA 90717-7022

Rocket Dog Rescue
3561 Foothill Blvd
Oakland, CA 94601
San Francisco, CA 94146

Rosa Medina
1875 Century Park East
Suite 1000
Los Angeles, CA 90067-2533

Rosa Medina, a PAGA representative
1875 Century Park East
Suite 1000
Los Angeles, CA 90067-2533

Runway Owner LLC
12775 Millennium Drive
Suite 165
Los Angeles, CA 90094-2891

Ryan Tish
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, CA 90067-2533

SFPUC Water, Power & Sewer
525 Golden Gate Ave, 7th FL
San Francisco, CA 94102-3220

SPS Commerce, Inc.
PO Box 205782
Dallas, TX 75320-5782

Sage Law Partners
9696 Culver Boulevard
Suite 301
Culver City, CA 90232-2759

Sarah Crane
2115 Anthony Drive
Ventura CA 93003-6701

Sarah DeRemer
508 N Normandie ave
#3
Los Angeles, CA 90004-2045

Sepulveda Blvd. Properties, LLC
225 S Sepulveda Blvd
ATTN: Holly Miyagawa
Manhattan Beach, CA 90266-6825

Serena Taylor
3404 Pine Avenue
Manhattan Beach, CA 90266-3620

(p)SHOPIFY INC
100 SHOCKOE SLIP 2ND FLOOR
RICHMOND VA 23219-4100

Silver Ridge Plaza
16541 Gothard Street
STE 112
Huntington Beach, CA 92647-9013

Simon Maas
1880 Lucile Avenue
Los Angeles, CA 90026-1026

Site Reach Inc.
1916 Pike Place
Ste 12 #1345
Seattle, WA 98101-1056

Stella Havkin
5950 Canoga Avenue, Suite 400
Woodland Hills, CA 91367-5037

Steven M Carlson
2918 Denby Ave
Unit A
Los Angeles, CA 90039-3420

TSYS Merchant Solutions, LLC
dba Global Payments
MERCHANT PROCESSING CENTER
2675 WEST 600 NORTH
Lindon, UT 84042-1219

TVT SPVL.com
2999 NE 191st St, #500
Miami, FL 33180-3384

The Foggy Dog
3360 20th Street
Suite A
San Francisco, CA 94110-2655

The Honest Kitchen
PO Box 741434
Los Angeles, CA 90074-1434

(c)THE HONEST KITCHEN, INC.
1775 HANCOCK ST STE 100
SAN DIEGO CA 92110-2035

The Rescue Train
13027 Victory Blvd.
#522
North Hollywood, CA 91606-2925

Three Vectors Corporation
909 Thomas Ave SW
RENTON, WA 98057-2931

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Umland LLC
2213 County Road 355 North
Carlock, IL 61725-9051

Valerga LLP
395 S. Main Street #201
c/o Brody Valerga
Alpine, UT 84004-2050

Village at Westfield Topanga
211 North Stadium Boulevard
Suite 201
Columbia, MO 65203-1161

Walnut Square Center LP
468 Green Street
San Francisco, CA 94133-4029

West Valley Owner LLC
c/o Barclay Damon, LLP
545 Long Wharf Drive, 9th Floor
ATTN: Niclas A. Ferland
New Haven, CT 06511-5960

William B Drury
PO Box 2248
Mill Valley CA 94942-2248

Yosemite Protein Products Inc.
47 Sequoia Glen Lane
Novato, CA 94947-5176

Ziply Network Inc.
1017 N La Cienega
Unit 200
Los Angeles, CA 90069-4195

Ziwi USA, Inc
10985 Cody Street
Suite 110
Overland Park, KS 66210-1242

Bruce Dennis
c/o Starre & Cohn, APC
15760 Ventura Blvd., Ste. 801
Encino, CA 91436-3018

Daniel H Reiss
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

David L. Neale
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Niclas Ferland
BARCLAY DAMON LLP
545 Long Wharf Drive, 9th Floor
New Haven, CT 06511-5960

Robert Carrasco
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Todd M Arnold
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Noreen A Madoyan
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Melian Labs Inc.
947 Linda Flora Drive
Los Angeles, CA 90049

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

PG&E
PO BOX 8329
C/O BANKRUPTCY
STOCKTON, CA 95208

Shopify Capital Inc
100 Shockoe Slip
2nd Floor
Richmond, VA 23219-0000

U.S. Bank National Association
Bankruptcy Department
PO Box 108
Saint Louis MO 63166-0108

Addresses marked (c) above for the following entity/entities were corrected as required by the USPS Locatable Address Conversion System (LACS).

The Honest Kitchen, Inc.
1785 Hancock Street
Suite 100
San Diego, CA 92110

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)ACH Capital West, LLC

(u)Courtesy NEF

(u)Fortis LLP

(u)GKT VILLAGE AT TOPANGA, L.L.C.

(u)Instafunding LLC a/k/a TVT SPVL

(u)One Thousand Grand Avenue Holdings LLC

(u)Sage Law Partners

(u)Westfield, LLC and Century City Mall, LLC

(u)ZIWI USA, Inc.

| | | | |
|---|---|---|---|
| (d)Essex Portfolio, L.P.<br>1100 PARK PLACE, SUITE 200<br>SAN MATEO, CA 94403-7107 | (d)Pet Food Experts, LLC<br>175 Main Street<br>Pawtucket, RI 02860-4127 | End of Label Matrix<br>Mailable recipients<br>Bypassed recipients<br>Total | <br>183<br>11<br>194 |